PORTIS v. COLE AND ANOTHER, ADM'RS.

Where a general demurrer is overlooked, and a new trial is granted for any cause, the demurrer may be insisted on, when the case is called for trial again.

An attorney at law can maintain an action against an administrator in his representative capacity, upon a reasonable contract for professional services in a case where such services were necessary.

Appeal from Washington.

*J. Sayles*, for appellant.

*A. M. Lewis*, for appellees.

LIPSCOMB, J. This suit was brought to recover the value of the plaintiff's services in a suit against the estate of the defendants' intestate, on a verbal contract, made by and between the plaintiff and the administrators, the defendants in this suit.

There was a demurrer to the plaintiff's petition, which seems to have not been acted upon by the Court; and there was a trial, and verdict for the plaintiff; a new trial awarded on motion of the defendants; and at the next Term, the defendants insisted on the demurrer, and the Court adjudicated on, and sustained it. The appellant has assigned two objections to the judgment sustaining the demurrer. The first is, that it was error to consider of the demurrer, as, a trial having been had without defendants asking the judgment of the Court, it amounts to a waiver of the same. The second is error in sustaining the demurrer. If we were called upon to revise a judgment rendered upon the verdict in this case, had it not been set aside, we would have held, no notice of the demurrer being taken, that the parties going to trial was a waiver, on the part of the party demurring. (Mims v. Mitchell, 1 Tex.

R. 443; Jones v. Black, Id. 527.) But where there has been a trial by the jury, without the demurrer being disposed of, and a new trial granted, the Court may then pass upon and decide the demurrer, that had not been before noticed. (Zacharie v. Bryan, 2 Tex. R. 276.)

But, if the opinion of the Court, on the demurrer, is correct, it is of little consequence as to what disposition was made of the demurrer; as, if it had been passed over again, and waived on the trial, it could have been available in arrest of judgment, or on error assigned in this Court, as it went to the whole right of action; and this brings us to the second assignment of error, and to the consideration, whether the plaintiff showed, in his petition, any right of action.

As a general proposition, it is not controverted, that, at Common Law, an administrator cannot create a debt against the estate of an intestate, by his own contract; but this proposition, on an investigation, upon principle, will be found to be more technical than true in point of fact. At Common Law, the legal right to the personalty vested in the administrator; but, in a settlement of the estate, he was allowed compensation for all reasonable expenses and services, incurred or rendered, for the benefit of the property of the estate; and, as these expenses were incurred or services rendered, it became a debt due him from the estate, or there could be no foundation for allowing him reimbursement. Therefore, he in truth created the debt; and this debt he could pay to himself, out of the assets in his hands. With us, according to the decisions of this Court, the legal title does not vest in him, at all, but is vested in the heir, incumbered with the debts of the estate. Therefore, when he sued for property or defended when sued, it was, at Common Law, in his own legal right, but under our system of jurisprudence, he would not sue or defend in his own right, but merely as an agent, constituted by law, for the benefit of creditors and the protection of the rights of the heir. When, therefore, he contracts for anything necessary to these ends, he contracts as such agent.

We have been referred, by the appellees, to Articles 1188 and 1244, Hartley's Digest. The first provides—"All rea- "sonable expenses incurred by an executor or administrator, "in the preservation, safe keeping and management of the "estate, and all other reasonable attorney's fees, that may be "incurred in the course of administration, shall be allowed by "the Chief Justice, on proof that there was a necessity there- "for." This Article means nothing more, than that, in his settlement with the County Court, these expenses shall be al- lowed ; and had the defendants paid the fees, sued for in this case, without suit, out of the assets of the estate, such expen- ditures, if reasonable and necessary, should be allowed. It does not at all restrain them from contracting in their representa- tive capacity, for such necessary service. If they had allowed this claim when presented, and the Chief Justice had thought it reasonable, it would have been allowed, to be paid in due course of administration; and if they had no money—assets of the estate to pay it, there would have been an order for the sale of the property of the estate or a sufficiency thereof, to pay the debt.

The next Article cited, provides, "that the rights, powers "and duties of executors and administrators shall be govern- "ed by the principles of the Common Law, where the same "do not conflict with the provisions of this Act." We do not believe that this provision militates against the views we have taken ; because, as we have seen, by the laws of this forum, the administrator does not sue in his own right, but as an agent, and as agent, it would follow that he can bind his prin- cipal for whatever is reasonable and necessary in the execu- tion of his agency.

We have not thought it necessary to notice the Common Law authorities referred to, because they were cited in support of a proposition, admitted to be, in general, true, at Common Law.

It will be seen from the record, that when this case was first tried in the Court below, the Court charged the jury, that if

they "believed from the evidence, that it was necessary for "the defendants to employ an attorney in the suit wherein the "plaintiff alleges he performed the professional services, and "if they so believed from the evidence, and that the defend-"ants employed said plaintiff to attend to said suit, then and "in that case, they would give a verdict for the plaintiff, for "such sum as his services were reasonably worth." In this charge, we believe the law was correctly laid down by the Court. But the Judge was not satisfied with the correctness of his charge, and set aside the verdict. His view of the law, on the next trial, in sustaining the demurrer was erroneous; and for such error, the judgment is reversed and remanded for a new trial.

Reversed and remanded.