JOSEPH DAVENPORT v. WILLIAM H. LAWRENCE, ADM'R.

An administrator must exhibit vouchers, on settlement, to establish his conduct and rights in regard to all alleged liabilities of the estate, except as to the ordinary commissions which the law allows him. In order to do this, if he seeks greater compensation than the commissions, or has to incur expenses in managing the property, he should present his account therefor, and have the same allowed by the Chief Justice as a liability against the estate, same as any other claim ; and when so presented and allowed, it can only be attacked by creditors or heirs in the same manner as other claims.

It would seem that the proper practice in allowing or rejecting claims against estates by the Chief Justice, is to enter an order in the minutes of the Court, and not merely to indorse a memorandum on the claim.

Appeal from Houston. Tried below before the Hon. John H. Reagan.

The facts are stated in the Opinion.

*W. M. Taylor*, for appellant.

*S. A. Miller*, for appellee.

ROBERTS, J. The question made by the parties in this case, is, can a creditor, who petitions for a *pro rata* distribution of the funds in the hands of the administrator, increase that fund, by attacking the accounts and charges made by the administrator as expenses of administration and extra-compensation, which have been previously set forth by the administrator in his annual exhibits.

The appellant filed his petition for a distribution, and therein specified the items of account and charges, as contained in the annual exhibits of Lawrence, as administrator, to which he objected ; and prayed that Lawrence might be cited to appear and show cause why the same should not be disallowed, and that he be required to distribute the amount found to be in his

hands. Upon this petition, Lawrence was cited, and made an additional exhibit, shewing a balance in his hands of $775 92; consented to the distribution of the same; excepted to the further proceeding attempted, and denied the allegations of petition. The Court, after considering the objections determined the amount in his hands to be the sum of $2,081 95-100, and ordered the same to be distributed. From which judgment and order Lawrence took an appeal to the District Court. There appellant amended his petition, and in addition to a repetition of his objections to the charges, stated that the estate was insolvent, and asked that the "proceeding against the estate may be prosecuted by him for the benefit of all the creditors," &c., and that they may come in and make themselves parties. There were no other parties made, and the Court sustained the exceptions of appellee and dismissed the petition; from which Davenport, administrator, appealed to the Supreme Court.

This proceeding was instituted under (Art. 1195, Hart. Dig.) the Statute which permits a creditor to cause the administrator to make an exhibit, and "if it shall appear to the Court by said exhibit, or by other evidence, that such executor or administrator has funds of the estate in his hands subject to distribution among the creditors of the estate, it shall be the duty of the Chief Justice to order the same to be paid out to them according to the provisions of this Act." The exhibit made by Lawrence in this case, does show that he has funds in his hands ($775 92) subject to distribution, and the District Court should have at least ordered that amount to be distributed. It is presumed that the Court would have done so, had attention been called to the fact that Lawrence admitted that amount to be in his hands, and gave his assent to its distribution. The question which was doubtless presented to the Court, and upon which it acted, was whether, under this Statute, by resorting to "other evidence," than that furnished in the exhibit, the charges of administration contained in the exhibit

could be reduced in this proceeding, so as to determine the fund to be distributed.

The object of an exhibit is to show the condition of the estate—its means and its liabilities. Its liabilities, so far as an administrator can take notice of them in this connection, are debts that have been presented, those in suit, those established by judgment, those that have been approved by a Chief Justice, costs of the officers of the Court, and commissions, compensation and expenses of the administrator allowed by the Chief Justice. The administrator, in making his account upon final settlement, should have vouchers by which to establish his conduct and rights in regard to these various liabilities against the estate. (Art. 1198, Hart. Dig.) In order to do this, if he seeks greater compensation than the commissions, or has to incur expenses in managing the property, he should present his account therefor, and have the same allowed by the Chief Justice as a liability against the estate. The Statute on that subject provides, (Art. 1188, Hart. Dig.,) " that executors and administrators shall be entitled to receive and may retain in their hands, five per cent. upon the sums they may actually receive in cash, and the same upon all sums they may pay away in cash in the course of their administration. All reasonable expenses incurred by an executor or administrator in the preservation, safe-keeping and management of the estate, and all reasonable attorney's fees that may be incurred in the course of the administration, shall be allowed by the Chief Justice, on proof that there was a necessity therefor. Whenever, in the opinion of the Chief Justice, the commission upon the sums received and paid away is not sufficient compensation for his services, or if from the circumstances of the estate extraordinary services were required to be rendered, the Chief Justice shall allow such further compensation as may seem reasonable." It will be perceived that such necessary expenses of administration and extra compensation, are acted upon by the Chief Justice as any other claim against the estate, and neces-

sarily involves an act of judgment founded on facts in evidence before him, or within his own knowledge, so as to supersede the necessity of proof. By his approval they become liabilities against the estate, and may be attacked just as any others which have been approved by the Chief Justice. The County Court is required to enter on the records every decision, order, decree and judgment, (Art. 1231, Hart. Dig.) and any one who is interested may take an appeal from it, (Art. 1232, Hart. Dig.) or he may obtain a *certiorari* to have it revised in the District Court, (Art. 807, Hart. Dig.) or, it may be, he may contest it on the final settlement of the administrator's account. (Art. 1198, Hart. Dig.) There may be other equitable remedies beyond the scope of mere statutory regulation, which it is unnecessary now to refer to. If, however, there are charges of an administrator for expenses and extra service introduced in his exhibits, which have not been approved and allowed by the Chief Justice, they do not thereby derive any validity as liabilities, against the estate, in any proceeding instituted to ascertain the funds in the hands of the administrator. When they have been allowed they should, in such proceeding, be respected. To permit every creditor to contest every order of the Chief Justice, upon every application for a distribution of funds, would involve the administrator and the Court in a complication of difficulties interminable, and could hardly have been contemplated by our Statute. The record in this case shows an account of charges by the administrator for expenses and extra compensation filed before this proceeding commenced ; but it does not appear whether or not it had been acted on and approved by the Chief Justice. The administrator should show such approval, or be prepared to show that his charges were reasonable and correct, so as to procure their allowance ; otherwise he cannot be permitted to retain the funds in his hands.

Inasmuch as the Court erred in not ordering the funds acknowledged to be on hand ($775 92) to be distributed, and in

dismissing the petition, the judgment is reversed and remanded for further action of the Court in accordance with this opinion.

Reversed and remanded.