## TEMPE PRICE v. G. B. McIVER.

On general principles of equity, it has been held that the estate of a deceased person may be held responsible to third persons with whom the administrator has created debts properly chargeable against the estate. But to enable such third person to hold the estate so responsible, he must take upon himself the burden of proving that it was a reasonable expense incurred for the benefit of the estate, in the same manner as the administrator may have done had he incurred the expense, and presented his claim for allowance by the chief justice.

A claim of this character cannot be enforced in the probate court unless the administrator has first allowed it. If it be disallowed by the administrator, it necessarily involves litigation between him and the claimant, and the probate court is not the appopriate forum to entertain the cause.

The making by the administrator or executor of a note payable to a third person in consideration of services to be rendered to the estate does not bind the estate, nor is it such an act as would preclude the executor or administrator from setting up any defence he may have had to the note when presented for payment. The execution and delivery of the note is not the allowance of the plaintiff's claim.

Where the claim is contested by the administrator or executor, it must be established by suit, if at all; and the probate court has no jurisdiction to determine it.

APPEAL from San Augustine. Tried below before the Hon. A. W. O. Hicks.

McIver brought suit in the County Court, October 12th, 1855, against Benj. F. Price, executor, and Tempe Price, exeeutrix, of the estate of Elijah Price, deceased, on a note or due bill payable to himself for $110, signed by "B. F. Price, executor," and reciting in its face the consideration for which it was given to have been "for services rendered on the plantation of Tempe Price," dated December 31st, 1853. The petition prayed the court to order the defendant to pay the amount of the note with interest. The petition made no averment of presentation of the claim to the executors, or its allowance by either of them, but averred simply the indebtedness of the executors, on account of the aforesaid cause of action.

The defendants pleaded to the jurisdiction of the County Court;

49Y

and demurred to the petition, and for special causes of exception assigned the following : that the claim sued on does not appear from the plaintiff's allegations to have been authenticated as required by law, nor presented to the executors of the estate of Elijah Price, deceased; and, therefore, not by them rejected. Also, that the estate of Elijah Price, deceased, is not bound by the instrument declared on by the plaintiff.

The County Court overruled both the plea to the jurisdiction, and the demurrer, and rendered judgment in favor of the plaintiff, allowing his demand as a just claim against the said estate, and ordering the said executors to pay the same out of the assets thereof.

It appears from the record that the note was given to the plaintiff for services rendered by him as overseer in managing the hands and plantation belonging to the estate since the death of the testator.

The defendant appealed to the District Court, where the same decision was made upon said questions as in the County Court, and judgment rendered for the plaintiff against the defendants as executors of Elijah Price, deceased, for the amount of the note with interest, to be paid out of the estate in due course of administration.

*F. B. Sexton,* for the appellant.

*Moore & Walker,* for the appellee.

WHEELER, C. J.—The provisions of the statute respecting the allowance of claims by the executor or administrator, apply in terms only to such claims as existed against the testator or intestate. (O. & W. Dig., Art. 755, 757.) Provision is made for the allowance to the executor or administrator by the chief justice of all reasonable expenses incurred in the preservation, safe keeping and management of the estate. (Ib., 820.) This provision comprises the only debts which the executor or administrator can create against the estate. And it contemplates that he will have incurred the expense by the payment of money or by becoming

personally responsible to third persons. On general principles of equity it has been held that the estate may be held responsible to third persons with whom the administrator has created debts properly chargeable against the estate. But to enable a third person to hold the estate so responsible he must take upon himself the burden of proving that it was a reasonable expense incurred for the benefit of the estate, in the same manner as the administrator must have done had he incurred the expense and presented his claim for allowance by the chief justice. (Caldwell *et al.* v. Young & Morgan, 21 Tex.) When the claimant thus comes in place of the administrator he must have his claim allowed by the latter; otherwise, payment can not be enforced in the probate court. The law has conferred on the executor or administrator the authority to judge, in the first instance, of the propriety of incurring expense on account of the estate. If he disallow the claim, it necessarily involves litigation between him and the claimant, and the probate court is not the appropriate forum for conducting such litigation. The manifest intention and policy of the law, deducible from its several provisions, is opposed to the institution of suits in the probate court by third persons for the establishment of claims against the estate. That court has no authority to order the payment of claims by the executor or administrator which have not been allowed by him, or established by suit to which he was a party. (Ib. 786.) We, therefore, think that although the provisions respecting the allowance of claims do not in terms apply to such as have accrued after the death of the testator or intestate, yet if the holder elects to hold the estate liable instead of the executor or administrator personally, he should bring his case within the provision for the establishment of claims against the estate. That he may do so, we have heretofore considered. (Portis v. Cole, 11 Tex. R., 159; Caldwell v. Young *et al.*, 21 Ib.) If allowance of the claim by the executor is relied on, it ought to be such as will preclude him from litigating the justice of the claim in the probate court; unless on such grounds as would authorize him to repudiate his allowance of the claim, as fraud or mistake. There was no such allowance of the plaintiff's claim. The giving of the note by the executor did not bind the

estate. (Ib., 820.) Nor was it such an act as would preclude the executor from setting up any defence he may have had to the note when presented for payment. We, therefore, think the claim was not authenticated or established in such a manner as to authorize the plaintiff to proceed in the probate court to enforce its payment by the executor. Being contested by the executors, it necessarily involved litigation between them and the claimant, and converted it into a suit for the establishment of the claim against the estate in the probate court, contrary to the manifest intention and policy of the law.

We are of opinion, therefore, that the probate court improperly took cognizance of the case, in the shape in which the claim was presented; and that the District court erred in its judgment maintaining the jurisdiction of the probate court. The judgment must, therefore, be reversed and the cause dismissed.

Reversed and dismissed.