JOHN ADRIANCE, ADM'R, v. W. E. CREWS.

PLEADING —CLAIMS AGAINST AN ESTATE FOR EXPENSES.—In a suit to establish a rejected claim for services rendered in carrying on a plantation belonging to an estate, under contract with the administrator, the petition is defective, unless it be alleged that the price claimed is reasonable.

APPEAL from Brazoria. Tried below before the Hon. A. P. McCormick.

The facts are given in the opinion, so far as discussed therein.

*Lathrop* & *Quinan*, for appellant.

*George W. Duff* and *Eugene J. Wilson* each filed briefs for appellee.

GOULD, ASSOCIATE JUSTICE.—This suit was brought to establish a rejected claim against the estate of C. R. Patton, deceased. The petition alleged that, during the years 1861, 1862, 1863, 1864, and 1865, Adriance, the administrator of said estate, under the orders of the County Court, carried on a plantation belonging thereto; that in so doing it was necessary for him to employ an overseer; that he accordingly contracted with plaintiff Crews, from year to year during said five years, for the sum of eight hundred dollars (gold) per annum; that under said contract plaintiff served the estate as overseer during the five years, and that the services so rendered were for the benefit of the estate and constituted a part of the expenses of taking care of and managing the property of the estate. The petition also showed the authentication and presentation of this claim, (less some credits allowed,) and its rejection by the administrator.

To this petition there was a special exception, on the ground that it was not alleged that the services rendered were reasonably worth the price charged; which exception was overruled.

The question thus presented is one which we regard as substantially settled by former decisions, inconsistent with the ruling of the District Court.    (Caldwell *v*. Young and Morgan, 21 Tex., 800; Price *v*. McIver, 25 Tex., 769; Davenport *v*. Lawrence, 19 Tex., 317; Young *v*. Smith, 22 Tex., 347; Jones *v*. Lewis, 11 Tex., 364; Portis *v*. Cole, 11 Tex., 157.)

The result of these cases may be stated by a quotation from the opinion in Price *v*. McIver, by Chief Justice Wheeler:

"The provisions of the statute respecting the allowance of claims by the executor or administrator apply in terms only to such claims as existed against the testator or intestate. Provision is made for the allowance to the executor or administrator by the chief justice of all reasonable expenses incurred in the preservation, safekeeping, and management of the estate.    This provision comprises the only debts which the executor or administrator can create against the estate. And it contemplates that he will have incurred the expense by the payment of money or by becoming personally responsible to third persons.    On general principles of equity it has been held, that the estate may be held responsible to third persons with whom the administrator has created debts properly chargeable against the estate.    But to enable a third person to hold the estate so responsible, he must take upon himself the burden of proving that it was a reasonable expense incurred for the benefit of the estate, in the same manner as the administrator must have done, had he incurred the expense and presented his claim for allowance by the chief justice."

That case, like this, grew out of a claim for services as overseer in managing a plantation after the death of the testator, for which services the executor had given a note signed as executor.

Chief Justice Wheeler says: "The giving of the note by the executor did not bind the estate."    The statute then, as well as at the time this claim accrued, contained the following provision: "In carrying on a plantation  *  *  under such

order all reasonable expenses incurred by the executor or administrator shall be allowed by the chief justice, on proper proof thereof." (Paschal's Dig., art. 1330.)

In this, as in other cases of debts created by the administrator, the liability of the estate is not measured by the contract of the administrator, but is dependent on its reasonableness. The averment that the employment of an overseer was necessary, and that his services were for the benefit of the estate, may both be true, and yet the price agreed on be most unreasonable. The position that this unreasonableness should only be available as a defense to be specially set up was considered and rejected in Caldwell *v.* Young & Morgan. In that case also it is said that "the law as earnestly seeks to protect such estates against the wiles and frauds of those who are entrusted with them as of others." With this object in view it has authorized administrators to incur only such expenses as are proper in their nature and reasonable in their amount. Parties seeking to charge estates are bound to take notice of these limitations on the authority of administrators to create a debt against the estate. They cannot complain if, when it becomes necessary for them to sue on such a claim, they are required to show that the debt is such in nature and amount as the law authorized the administrator to create. The special exception to the petition was well taken, and should have been sustained.

It is said that this question was made on general exceptions on the former appeal of this case; and not having been noticed in the opinion then delivered, it is contended that the court then, by passing over that assignment of error, impliedly held it not to be well taken. The report of the case does not show that any such question was made or considered. (38 Tex., 148.) When, after the case was reversed, the defendant filed his special exception, fair notice was given thereby that this objection to the petition was relied on. The defendant is entitled to have it passed upon here, and we see

nothing in the circumstances justifying us in considering it otherwise than as, in this case, for the first time presented.

It is not deemed necessary to notice any other question discussed.

REVERSED AND REMANDED.