W. REINSTEIN V. C. P. SMITH, ADMINISTRATRIX.

(Case No. 2122.)

1. ESTATES OF DECEDENTS — REVISED STATUTES, ARTS. 1931 AND 1932 — EXECUTORS AND ADMINISTRATORS—Under arts. 1931 and 1932, R. S., executors and administrators have extreme powers and discretion in the management of plantations belonging to estates represented by them. In fact, it is made their duty to carry on such plantations, unless, in the exercise of a sound discretion, the responsibility of which is cast upon them, they deem it unadvisable to do so.

2. ESTATES OF DECEDENTS — EXECUTORS AND ADMINISTRATORS, ADVANCES TO — One who, upon the credit of an estate, has furnished money or goods to the executor or administrator thereof, to enable him to conduct plantations belonging to the estate, is entitled to be reimbursed therefor.

3. SAME—Such a claim becomes a claim against the estate, which the executor or administrator may approve and the probate court may allow and cause to be paid, or upon which, in the event this be refused, a suit may be maintained in any court having jurisdiction.

4. SEMBLE—A due regard for the rights of such persons as may deal with executors or administrators, would seem to require that those interested in estates represented by such trustees, if they be of the opinion that the management is not prudent or judicious, should invoke the control of the court having jurisdiction over·the estate, which they have the right to do under the law. (R. S., art. 1932.)

5. CASE REVIEWED AND DISTINGUISHED—The case of McMahan v. Harbert, 35 Tex., 452, reviewed and found to have been controlled by a statute (Pas. Dig., 1130) differing in some respects from the present statute, and, therefore, not authority in this case.

APPEAL from Washington. Tried below before the Hon. J. B. McFarland.

This suit was instituted on February 20, 1885, in the district court of Washington county, to establish a rejected account against the estate of John S. Smith, deceased, of which appellee is administratrix. The allegations of plaintiff's petition are, in substance, as follows:

That the defendant is administratrix *de bonis non* of the estate of John S. Smith, deceased; that during the years 1883, 1884, one R. P. Perkins, deceased, was administrator of the estate; that the estate of Smith consisted, among other things, of several large plantations, in cultivation at the time of his death; that the plantations could not be rented, and would have greatly depreciated in value if not kept in cultivation, and it was for the interest of the estate that the plantations should be carried on and cultivated by the administrator; that, it appearing most to the interest of the estate to do so, Perkins, as administrator of the estate, carried on and cultivated the plantations during the year 1883, and until his death in October, 1884; that, at the request of Perkins, plaintiff advanced him, as administrator, from time to time, money, provisions, etc., which were charged against the estate of Smith, for the purposes mentioned, and for repairs on the plantations, fully itemized in plaintiff's account attached to his petition as an exhibit, amounting in the aggregate to the sum of $1,840.08; that, without such advances, Perkins would have been unable to secure labor to carry on the plantations for the use and benefit of the estate; that the expenses so incurred were reasonable and proper charges for the purposes mentioned, and, by agreement of the plaintiff and Perkins, were charged to the estate; that Perkins died in October, 1884; that after his death several of the tenants and employes on the plantations, who had received advances

charged in said account, paid and accounted therefor to the defendant as administratrix as aforesaid, who had continued to carry on the plantations after Perkins' death until the close of the year 1884; that he received for the use and benefit of the estate the crops grown thereon; and that the account is due and wholly unpaid, was presented to the administratrix for approval, properly verified, on February 5, 1885, and was by her rejected.

Demurrers, general and special, were interposed by defendant, questioning the liability of the estate for a debt contracted for the purposes set forth in the petition. The demurrers were sustained and the suit was dismissed, from which ruling this appeal is prosecuted.

*Sayles & Bassett*, for appellant, that an administrator is authorized to carry on a plantation, and that no order of court is required therefor, cited: R. S., arts. 1930, 1931, 1932.

That the expenses incurred in the preservation, safe-keeping and management of an estate are proper charges against it, they cited: R. S., art. 2037.

That a creditor is entitled to recover from the estate reasonable and proper expenses and charges incurred by the administrator in the preservation, safe-keeping and management thereof, they cited: Adriance v. Crews, 45 Tex. 181; Price v. McIver, 25 Tex. 769; Caldwell v. Young & Morgan, 21 Tex. 800; Andrus v Pettus, 36 Tex. 108; Timmel v. Philleo, 33 Tex. 395; Davenport v. Lawrence, 19 Tex. 317; Young v. Smith, 22 Tex. 345; Jones v. Lewis, 11 Tex. 359; Portis v. Cole, 11 Tex. 157.

*C. R. Breedlove*, for appellee, cited: McMahan v. Harbert's Adm'r, 35 Tex. 451; McKinney v. Peters, Dallam, 545.

STAYTON, ASSOCIATE JUSTICE.—This action was brought against the administratrix of the estate of John S. Smith to recover on a rejected claim for money and supplies advanced to a former administrator, to enable him to have cultivated during the years 1883 and 1884, several plantations which belonged to the estate.

The petition is full in its averments as to the necessity for the administrator to have the plantations cultivated, the prudence of his undertaking to do so, the value and necessity for the articles and money furnished, and as to the reasonableness of the charges therefor. Demurrers, general and special, were filed by the defendant, which called in question the liability of the estate for debts created for such

purposes. These demurrers were sustained and the cause was dismissed.

If such a claim can be enforced at all against an estate there can be no doubt of the sufficiency of the petition in this case. The statute provides: "If there be a plantation, manufactory or business belonging to the estate, and the disposition thereof is not specially directed by will, and, if the same be not required to be at once sold for the payment of debts, it shall be the duty of the executor or administrator to carry on the plantation, manufactory or business, or cause the same to be done, or to rent the same, as shall appear to him to be most for the interest of the estate. In coming to a determination he shall take into consideration the condition of the estate, and the necessity that may exist for future sale of such property for the payment of claims or legacies, and shall not extend the time of renting any of the property beyond what may consist with the speedy settlement of the estate." R. S., 1931.

It further provides that "any person interested in the estate may, upon complaint in writing, after citation of the executor or administrator, at a regular term of the court, upon good cause shown, obtain an order of the court, which shall be entered upon the minutes, controlling the action of such executor or administrator in regard to such plantation, manufactory or business." R. S., art. 1932.

These sections of the Revised Statutes were enacted by the act of August 9, 1876, and confer upon executors and administrators extreme powers and discretion in the management of plantations which may belong to estates. In fact they make it the duty of such persons to carry them on unless, in the exercise of a sound discretion, the responsibility of which is cast upon them, they deem it improper to do so. The grant of such a power and the imposition of such a duty is inconsistent with the non-liability of the estate for such sums of money as may be necessarily expended in their execution. Such trust cannot be carried out without the expenditure of money, and the idea that an executor or administrator is expected to assume the burden thereof, and an estate not to be liable therefor, is utterly inconsistent with their relations to the estates represented by them.

After providing for the ordinary compensation to which executors and administrators are entitled, the statute provides: "Executors and administrators shall be allowed all reasonable expenses necessarily incurred by them in the preservation, safe-keeping and management of the estate, and all reasonable attorneys' fees that may be necessarily incurred by them in the course of the administration." R. S. arts. 2037, 2192.

If the administrator had, from his own means, paid out the sums of money and furnished the articles, for the purpose and as alleged by the plaintiff, his rights to reimbursement would be clear, as would it had he obtained them upon his own credit. In our opinion, just as clear is the right of one who has furnished money or goods to an executor or administrator, upon the credit of an estate, to be used for such a purpose. Such a claim becomes a claim against the estate which an executor or administrator may approve, and the probate court allow and cause to be paid, or, upon which, in the event this be refused, a suit may be instituted in any court having jurisdiction.

If those interested in the estate be of the opinion that it is not prudent for an executor or administrator to carry on a plantation owned by an estate represented by such person, the statute gives them the right to have his action controlled by the orders of the court having jurisdiction over the estate, and a due regard for the rights of such persons as may deal with such trustees would seem to require that those interested in the estate, if they be of the opinion that the management is not judicious, should seek the control of the court, which they have the right and power to invoke.

Whether the legislation to which we have referred was wise or unwise, was and is a question which addresses itself to the law-making power, and with its policy the courts have no concern. The views here expressed are sustained by the following cases: Adriance v. Crews, 45 Tex. 181; Price v. McIver, 25 Tex. 771; Caldwell v. Young & Morgan, 21 Tex. 801; Jones, admr. v. Louis, 11 Tex. 360; Portis v. Cole, 11 Tex. 157.

In the case of McMahan v. Harbert, 35 Tex. 452, in which the facts were very similar to those in this case, it was held that an action could not be maintained. From the report of that case we cannot know whether the plantation was carried on under an order of the probate court, but the inference from the brief of counsel is that no such order was obtained as was required by the law then in force. P. D., 1130.

The decision makes no reference to the statute above referred to, which provided that an executor or administrator should apply for an order to carry on a plantation, if one belonged to an estate, unless its disposition was specially directed by will or by the act, or was required to be at once sold for the payment of debts. The statute then in force further provided: "In carrying on a plantation, or in renting or hiring any such property, under such order, all reasonable expenses incurred by the executor or administrator shall be allowed by the chief justice, on proper proof thereof; and, if any executor or

administrator shall fail to make such application, or to obey any such order when made, he and his sureties on his bond shall be liable, at the suit of any person interested in the estate—for the use and benefit of the estate—for such amount as might reasonably have been produced by carrying on such plantation." P. D. 1130.

If, in the case above referred to, it had appeared that there was an order to carry on the plantation, as was by the law then required, before an executor or administrator could lawfully do so, it certainly would not have been held that the estate was not liable for the reasonable expenses of so doing. The statute now differs in some respects from the statute in force when that case was decided, and we cannot now consider it as authority on the question now before us.

The court below erred in sustaining the demurrer to the petition and in dismissing the case, and for that error its judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 12, 1886.]