per curiam:
The case is before us on defendant’s motion to adopt a trial judge’s report with modifications. Rule 54(b)(3) (iii). Plaintiff does not oppose the motion. The case was one of those rising out of defendant’s first acceptance, *744 and then refusal to accept so-called "Flower Bonds” in payment of estate tax liabilities; e.g., Campbell v. United States, 228 Ct.Cl. 440, 657 F.2d 1174 (1981). Generally these bonds were purchased at a large discount on behalf of the decedent shortly before death, and tendered as payment at par. After nonsuccess in several cases, e.g., Campbell, in this and other courts, defendant abandoned its defense and accepted the bonds after all, upon which the parties stipulated dismissal. Thus plaintiff prevailed. Plaintiff applied for assessment of counsel fees, but by opinion, dated April 28,1982, [reported in full at 49 AFTR 2d 82-1529, 82-1 USTC para. 13,466]. Trial Judge Merow held that such assessment was not authorized. The Equal Access to Justice Act, Pub. L. No. 96 — 481, 28 U.S.C. §2412, provides for counsel fees against the United States in two situations claimed to be relevant here: if the defense was in bad faith or if the position of the United States was not substantially justified. Otherwise, the normal "American rule” of no assessment of counsel fees would govern.
The trial judge took the view that both provisions called for conduct by the government that was reprehensible in some manner. He could not see this in the government’s conduct of the "Flower Bond” litigation, nor do we. Clearly not every failure of the government’s defense against a tax claim or in a related issue denotes reprehensible or otherwise improper conduct of public officials. Congress knows how to provide for fees whenever the government is the loser, but has not done so in this class of case.
The trial judge touched on a number of other issues, but it is unnecessary for us to pass judgment on them: the conclusion above-stated moots them all.
The trial judge refers to Rule 54(b)(3) as the proper avenue of review and in the event which happened, of a request for affirmance of his report with a modification under subsection (iii), we can dispose of the case under subsection (ii). The request for adoption of the report with modifications is hereby denied and in response thereto, we deny the application for counsel fees itself.