ESTATE OF WILLIAM HUBBERD, DECEASED, BLACKSTONE DILWORTH, JR., EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6813-90.      Filed September 16, 1992.

*Elwood Cluck* and *Kevin P. Kennedy,* for petitioner.
*Lillian Brigman, Steven M. Diamond,* and *C. Joseph Craven,* for respondent.

## OPINION

COLVIN, *Judge:* This matter is before the Court on petitioner's motion for award of reasonable litigation costs under section 7430 and Rule 231.

Unless otherwise indicated, section references are to the Internal Revenue Code as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are:

(1) Whether an estate is a "party" eligible for an award of litigation costs under section 7430. We hold that it is a party.

(2) Whether the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) (1988) apply to an award of litigation costs to an estate. We hold that they do.

(3) Whether, in applying 28 U.S.C. section 2412(d)(2)(B), we consider the net worth of the estate, the executor, or the beneficiaries. We hold that it is the net worth of the estate.

(4) Whether petitioner established that it meets the net worth requirements of 28 U.S.C. section 2412(d)(2)(B). We hold that it did not.

The record does not show whether petitioner's net worth is less than $7 million. Therefore, we need not decide whether the net worth limit applicable to estates is the $2 million limit applicable to individuals, 28 U.S.C. sec. 2412(d)(2)(B)(i), or the $7 million limit applicable to, e.g., corporations and associations, 28 U.S.C. sec. 2412(d)(2)(B)(ii).

A hearing was held on petitioner's motion. In accordance with Rule 232, the parties have submitted affidavits and memoranda supporting their positions. We decide the motion based on the hearing record, petitioner's motion, respondent's objection, and affidavits and exhibits thereto provided by both parties.

## 1. *Background*

Respondent determined a $5,183,949.58 deficiency in estate tax. A timely petition was filed with this Court on April 12, 1990.

William Hubberd (decedent) died testate on May 13, 1986. Decedent's nephew, Blackstone Dilworth, Jr., is the executor of the Estate of William Hubberd (the estate). Dilworth resided in Sandia, Texas, when the petition was filed.

The value of the gross estate as of May 13, 1986 (decedent's date of death), as reported on petitioner's Federal estate tax return, was $19,645,018. The executor valued the estate on November 13, 1986 (the alternate valuation date), at $18,032,097.

J.B. Scott Dilworth III, Diane Dilworth Gates, Christin Ellis, Antoinette Moore, and David Murray Moore each have a net worth below $2 million. Marie S. Hubberd, Blackstone Dilworth, Jr., Clara Shovlin, and Mary C. Vehle each have a net worth exceeding $2 million.

When the case was called from a trial calendar of this Court in Houston, Texas, the parties announced that the case had been settled, and that the net estate tax due from petitioner was $2,429,500. A draft of a stipulation of settled issues was filed with the Court.

Petitioner moved for an award of litigation costs pursuant to section 7430(a) and Rule 231.

Generally, a taxpayer who has substantially prevailed in a civil tax proceeding before us may be awarded reasonable litigation costs incurred in the proceeding. Sec. 7430(a). To be entitled to an award, the taxpayer must be the "prevailing party". Respondent concedes that petitioner exhausted its available administrative remedies, sec. 7430(b)(1), that petitioner substantially prevailed with respect to the amount in controversy, sec. 7430(c)(4)(A)(ii)(I), and that petitioner did not unreasonably protract the Court proceedings, sec. 7430(b)(4). To be the prevailing party, the taxpayer must also establish that: (1) The position of the United States in the action was not substantially justified, sec. 7430(c)(4)(A)(i); and (2) the taxpayer met the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) when the case was initiated, sec. 7430(c)(4)(A)(iii).

Twenty-eight U.S.C. section 2412(d)(2)(B)[1] defines a "party" as an individual whose net worth did not exceed $2 million, or an owner of an unincorporated business, or any partnership, corporation, association, etc., the net worth of which did not exceed $7 million when the case before us was initiated.

---

[1] 28 U.S.C. sec. 2412(d)(2)(B) (1988) provides:

(2) For the purposes of this subsection—

    \*     \*     \*     \*     \*     \*     \*

(B) "party" means (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed \* \* \*

## 2. *Whether an Estate Is Subject to Net Worth Limits Under 28 U.S.C. Section 2412(d)(2)(B)*

Respondent agrees that an estate may receive an award of litigation costs under section 7430. However, estates are not listed among the entities for which net worth limits are provided under 28 U.S.C. section 2412(d)(2)(B). Therefore, we must first decide whether an estate is subject to any net worth limits under 28 U.S.C. section 2412(d)(2)(B).[2]

Rule 231(b)(5) requires a statement, supported by an affidavit executed by the moving party (and not counsel therefor), that the moving party meets the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) if applicable. Petitioner argues that an executor, administrator, trustee, guardian, conservator, or other fiduciary is not included in the definition of a "party" as defined in 28 U.S.C. section 2412(d)(2)(B), but is included within the definition of petitioner or party for purposes of the Tax Court Rules. Thus, petitioner contends, the net worth requirement of 28 U.S.C. section 2412(d)(2)(B) does not apply to an executor, guardian, trustee, or the like in his or her capacity as such.

In *Boatmen's First National Bank v. United States,* 723 F. Supp. 163, 169 (W.D. Mo. 1989), the court decided that an estate is a party for purposes of 28 U.S.C. section 2412(d)(2)(B) and therefore may recover litigation costs. The court stated:

> Common sense compels a finding that an estate is a "party." It is an entity which can be taxed, which can earn income (which is taxed), which can sue, and which can be sued. * * * In any event, the real party in interest here is the estate which, by way of its personal representative, is challenging the tax levied against it.

In *Papson v. United States,* 49 AFTR 2d 82-1529, 82-1531, 82-1 USTC par. 13,466, at 84,307 (Ct. Cl. Trial Div. 1982), affd. per curiam 231 Ct. Cl. 743 (1982), the court held that an estate is a party for purposes of 28 U.S.C. section 2412(d)(2)(B). While acknowledging that estates are not

---

[2] In *Estate of Levy v. Commissioner,* T.C. Memo. 1992-12, and *Estate of Warren v. Commissioner,* T.C. Memo. 1990-377, the Court found that the taxpayer-estate was not a prevailing party because it failed to prove that the Government's position was not substantially justified. Thus, the Court did not reach the issue of whether the estate met the net worth limits at the time the petition was filed. See also *Estate of Hammer v. Commissioner,* T.C. Memo. 1990-145 (Court did not reach issue of whether taxpayers, at commencement of proceeding, had net worth of not more than $2 million).

named as eligible parties in the statute, the court concluded that estates are eligible to recover attorney's fees and costs provided they meet the net worth limit applicable to individuals. The court explained that:

it would seem reasonable to conclude that, as an estate represents the assets of a deceased individual, the category of "(i) an individual whose net worth did not exceed $1,000,000 [the limit then in effect] at the time the civil action was filed," would cover the executors of an estate who become involved in nontortious civil litigation by or against the United States with respect to their responsibilities as executors.

We hold that an estate is subject to the net worth limits under 28 U.S.C. section 2412(d)(2)(B). We believe 28 U.S.C. section 2412(d)(2)(B) makes clear that Congress intended taxpayers to meet net worth limits as a condition of receiving an award of litigation costs. We do not conclude (nor does respondent contend) that the omission of estates from 28 U.S.C. section 2412(d)(2)(B) precludes estates from eligibility for an award of litigation costs; conversely, we disagree with petitioner that omission of estates from that section exempts estates from any net worth limit.

### 3. *Application of the Net Worth Limit*

Petitioner argues that, in applying the net worth limits of 28 U.S.C. section 2412(d)(2)(B), we should consider the net worth of petitioner's beneficiaries, not the net worth of the estate.

Petitioner argues that the devisees and legatees of the estate are the true owners of the property and therefore the principals for whom the executor acts in a representative capacity in administering the estate. Section 37 of the Texas Probate Code provides:

When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will, and all powers of appointment granted in such will, shall vest immediately in the devisees or legatees of such estate and the donees of such powers; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject, however, to the payment of the debts of the testator * * *, except such as is exempted by law * * *; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator * * *, with the exception aforesaid; and he shall recover posses-

sion of and hold such estate in trust to be disposed of in accordance with the law. [Tex. Prob. Code Ann. sec. 37 (West 1980).]

Petitioner maintains that under Texas law, an executor does not act in his own right but as an agent or representative of the beneficiaries of the estate, and under agency principles he has the authority to bind the beneficiaries in the conduct of its administration. *Portis v. Cole,* 11 Tex. 157, 159 (1853). The only debts which an executor may create and the only expenses which are allowable are the debts and expenses provided for by law. *McMahan & Co. v. Harbert's Admrs.,* 35 Tex. 451, 458-459 (1871); *Price v. McIver,* 25 Tex. 769, 771 (1860); see Tex. Prob. Code Ann. secs. 241 and 242 (West 1980).

Petitioner further contends that under Texas law, the estate of a decedent is not a legal entity and may not sue or be sued. *Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex. 1987); *Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex. 1975). Thus, petitioner argues that the estate does not fall within the definition of a party for purposes of section 7430(c)(4)(A)(iii), 28 U.S.C. section 2412(d)(2)(B), and Rule 231(b)(5).

Respondent counters that an estate is a "party" within the meaning of 28 U.S.C. section 2412(d)(2)(B), and the net worth requirements apply to the estate rather than to the executor or administrator. *Boatmen's First National Bank v. United States, supra; Papson v. United States, supra.* Respondent maintains that *Boatmen's First National Bank v. United States, supra* at 169, and *Papson v. United States, supra,* hold that, for purposes of the net worth requirements, the estate is the party by which to measure net worth. We agree.

We are not persuaded by petitioner's theory that, because an estate cannot sue or be sued under Texas law, an estate is not a party for purposes of section 7430(c)(4)(A)(iii), 28 U.S.C. section 2412(d)(2)(B), and Rule 231(b)(5). Here, respondent determined a deficiency against the estate. This case is brought in the name of and on behalf of the estate by its executor. Rules 23(a)(1), 32(a), 60(a). This action is for redetermination of the estate tax deficiency. An estate is generally responsible for bearing the costs of its own litigation. Sec. 2053(a)(2); *Estate of Rabe v. Commissioner,* T.C. Memo.

1975-26; sec. 20.2053-3(c)(2), Estate Tax Regs. It follows that we look to the net worth of the estate, and not of the beneficiaries or the executor. Accordingly, we hold that the net worth limits under 28 U.S.C. section 2412(d)(2)(B) apply to the estate.[3]

### 4. Whether the Estate Meets the Net Worth Limit

The burden of proof with respect to the net worth requirements is on petitioner. *Polyco, Inc. v. Commissioner*, 91 T.C. 963, 966 (1988).

The value of the estate was $19,645,018 on May 13, 1986, decedent's date of death.

Under 28 U.S.C. section 2412 the net worth of an individual or other party is considered as of the date the complaint (or petition) is filed. 28 U.S.C. sec. 2412(d)(2)(B).

Petitioner did not introduce evidence of the estate's net worth as of April 12, 1990 (the date it filed the petition). Respondent's notice of objection to petitioner's motion for litigation costs put petitioner on notice that respondent specifically objected to petitioner's failure to provide evidence of the estate's net worth, and respondent's discovery requests specifically requested documents and information regarding the net worth of the estate.

Respondent argues that petitioner failed to demonstrate that it meets the net worth requirements and failed to comply with Rule 231(b)(5), which requires an affidavit from the moving party stating its net worth. We agree.

Absent proof that the net worth requirements are met, the taxpayer is not entitled to an award of litigation costs. *Dixson International Service Corp. v. Commissioner*, 94 T.C. 708, 719 (1990). Where a taxpayer is put on notice that respondent is specifically objecting to an award of litigation costs for failure to offer any evidence of net worth, the taxpayer's failure to offer any proof of net worth requires a finding that the taxpayer is not a prevailing party entitled to an award of costs. *Id.*

---

[3] We note that the Revenue Bill of 1992 (H.R. 11, 102d Cong., 2d Sess.) includes a provision clarifying the net worth requirements for awards of attorney's fees and costs under sec. 7430. Sec. 4914 of the bill provides that (1) the $2 million net worth limitations of 28 U.S.C. sec. 2412(d)(2)(B) applicable to individuals also apply to estates and (2) the net worth of an estate is determined as of the date of the decedent's death.

Absent evidence that the estate's net worth is $7 million or less, we need not decide whether the $2 million or $7 million net worth limit applies. Similarly, because we hold that petitioner has not established that it satisfies the net worth requirement, we need not decide whether respondent's position was substantially justified.

Accordingly,

*An appropriate order and decision will be entered.*