T.C. Memo. 2002-232

UNITED STATES TAX COURT

JOSEPH D. PARK AND MI JUNG PARK, ET AL.,[1]
Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 13778-99, 13784-99,      Filed September 18, 2002.
            13789-99.

<u>Michael G. Little</u>, for petitioners.

<u>William R. McCants</u>, for respondent.


MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  This matter is before the Court on

petitioners' motion for award of reasonable litigation costs

_____

[1]  Cases of the following petitioners are consolidated
herewith:  John N. Park, docket No. 13784-99; and David S. and
Deborah Park, docket No. 13789-99.  John N. Park, however, is not
seeking litigation costs.

pursuant to section 7430 and Rule 231.[2]  This Court ruled in favor of petitioners, in Park v. Commissioner, T.C. Memo. 2002-50, and we incorporate herein by reference the facts set forth in that opinion.

## Background

John, Joseph, and David Park are brothers who immigrated to the United States from Korea in the 1980s.  During the years in issue, Joseph and David Park were married to Mi Jung and Deborah Park, respectively.  Petitioners moved to Florida to establish businesses and resided there when they filed their petitions.

Respondent was suspicious of the inconsistencies between petitioners' lifestyles and their reported income for tax years 1990 to 1994.  Respondent believed petitioners were "skimming" money from their businesses, "laundering" money, or buying discounted traveler's checks and selling them at a profit.

Kaharudin Latief and Ferry Tandiono, both wealthy Indonesian businessmen, transferred more than $9 million, via wire transfers and traveler's checks, to petitioners. Petitioners worked together on several of the business ventures and would, at times, transfer funds amongst themselves.  In addition, Mr. Tandiono provided David with over $1 million to buy

---

[2]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

a home.  In 1997, David transferred the home to Mr. Tandiono, who held a mortgage on the property.  At the time of the filing of the petition in 1999, David resided in this home, paying repair and miscellaneous expenses but no rent.  Respondent reconstructed petitioners' incomes using the cash expenditures method and determined unreported income of over $9 million relating to the years in issue.  In February 2002, this Court held that the amounts in dispute were nontaxable gifts.

On March 22, 2002, petitioners filed their motion for award of litigation costs (motion).  Petitioners' motion contained a statement that petitioners each had a net worth of less than $2 million when they filed their petitions.  Each petitioner also submitted a one-page affidavit attempting to verify his or her net worth.  On May 1, 2002, respondent filed his response and objection to the motion for litigation costs (response and objection), specifically contending that the affidavits were insufficient to establish net worth.  On June 20, 2002, petitioners then filed a supplement to motion for award of litigation costs (supplement) in reply to respondent's response and objection but did not address the issue of net worth.

## Discussion

The prevailing party in a Tax Court proceeding may recover litigation costs.  Sec. 7430(a); Rule 231.  Except as provided in section 7430(c)(4)(B), petitioners bear the burden of proving

that they meet each of the requirements of section 7430.  Rule 232(e).  Their failure to meet any one of the requirements of section 7430 will preclude an award of costs.  Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

Petitioners may recover litigation costs only if they meet the net worth requirements referenced in 28 U.S.C. sec. 2412(d)(1)(B).  Sec. 7430(c)(4)(A)(ii).  An individual's net worth must not exceed $2 million at the time of filing of the petition to commence a civil proceeding.  28 U.S.C. sec. 2412(d)(2)(B); Stieha v. Commissioner, 89 T.C. 784, 790 (1987).  A motion for litigation cost requires "A statement that the moving party meets the net worth requirements, * * * which statement shall be supported by an affidavit executed by the moving party".  Rule 231(b)(4).

If a taxpayer, in a motion for litigation costs, fails to sufficiently establish net worth, and the Commissioner challenges whether the taxpayer has met the net worth requirements, the taxpayer must provide additional evidence.  See Estate of Hubberd v. Commissioner, 99 T.C. 335, 341 (1992); Dixson Intl. Serv. Corp. v. Commissioner, 94 T.C. 708, 719 (1990); see also Johnson v. Commissioner, T.C. Memo. 1999-127 (holding that when a taxpayer submits only a statement, accompanied by an affidavit, the Court is not "compelled to accept petitioners' unsubstantiated, conclusory, and self-serving assertion that they

meet the net worth requirements", and that "the taxpayer must provide supporting information (i.e., evidence) to establish his net worth"). Like the taxpayers in <u>Dixson</u>, petitioners "failed to provide any supporting information to establish their net worth or to even address the issue in their supplemental motion". <u>Dixson Intl. Serv. Corp. v. Commissioner</u>, <u>supra</u> at 719.

Petitioners received over $9 million from Messrs. Latief and Tandiono and transferred significant amounts of money amongst themselves. In addition, David has maintained his close relationship with Mr. Tandiono. Indeed, he resided in Mr. Tandiono's $2.4 million home at the time the petition was filed, and we have no knowledge of assets acquired up to that time. Respondent contends that the affidavits petitioners submitted are insufficient and that petitioners failed to produce additional evidence (e.g., net worth statements or financial statements) demonstrating that their net worth is less than $2 million. We agree.

It is reasonable, under the unusual facts of this case, to believe that petitioners may have considerable net worth. Petitioners, however, submitted no evidence to support their affidavits and failed to address the issue in their supplement. See <u>id.</u>; <u>Johnson v. Commissioner</u>, <u>supra</u>; cf. <u>Prager v. Commissioner</u>, T.C. Memo. 1994-420 (holding that the taxpayer, who initially produced a one-sentence affidavit, satisfied the net

worth requirement after providing a balance sheet in response to the Commissioner's opposition).  We will not accept petitioners' unsubstantiated assertions of net worth.  Accordingly, we hold that petitioners are not entitled to an award of litigation costs.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order will be issued denying petitioners' motion, and decisions will be entered under Rule 155.</u>