**BOATMEN'S FIRST NATIONAL BANK OF KANSAS CITY, Personal Representative of the Estate of Edward M. Douthat, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 87–0809–CV–W–1.**

United States District Court, W.D. Missouri, W.D.

Oct. 17, 1989.

Guy A. Magruder, Jr., Jefferey Bay of Van Osol, Magruder, Erickson and Redmond, Kansas City, Mo., for plaintiff.

Mark E. Nebergall, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

WHIPPLE, District Judge.

Plaintiff filed a motion August 8, 1989, for an award of litigation costs, pursuant to 26 U.S.C. § 7430(a). Defendant filed suggestions in opposition on August 18, 1989. Plaintiff replied on August 30, 1989, to defendant's opposition. For the reasons set forth below, the motion will be granted in part and denied in part. Plaintiff will be reimbursed for attorney's fees of $18,829.50, but the remaining amount sought by plaintiff will be disallowed.

On August 7, 1989, the parties filed a stipulation of the amount of estate tax liability, overpayments of tax and interest, and total amounts due to plaintiff. Pursuant to the stipulation, and previous orders and findings of this court, defendant will be directed to pay to plaintiff (1) a refund of overpayments of tax in the amount of $863,775, (2) a refund of overpaid deficiency interest of $340,871, (3) interest of $303,792 on those amounts as of July 31, 1989, and (4) interest on $1,204,646 at the statutory rate from August 1, 1989, until paid.

### I. Statement of the Case

Plaintiff filed its three-count complaint for a tax refund, and for fees, costs and expenses on September 15, 1987. In an order entered December 8, 1988, this court granted plaintiff's motion for partial summary judgment, thereby resolving all but one of the legal issues in Count I, concerning estate tax liability. *See Boatmen's First National Bank of Kansas City v. United States of America,* 705 F.Supp. 1407 (W.D.Mo.1988). The remaining issue was the value of common stock in a closely held company.

Sitting without a jury, the court received evidence at trial on March 2 and 3, 1989, concerning the stock value. A memorandum of opinion was entered May 26, 1989.

Decisions on Count II (seeking refund of overpayment of estate tax and interest) and Count III (seeking reimbursement of litigation costs) were withheld for later consideration. Pursuant to an order in the memorandum, the parties filed on August 7, 1989, their stipulation of the amount of estate tax liability, overpayments, and amounts due to plaintiff. That stipulation establishes the amounts for the judgment on Count II. The motion for litigation costs, the opposing response, and the reply are directed at the amount of costs which would be awarded under Count III.

## II. *Facts*

This litigation has focused upon four legal issues relating to estate tax liability: (1) Whether unpaid executor's and attorney's fees should have been disallowed in figuring the tax, (2) whether two $500,000 promissory notes payable to decedent or his spouse were held jointly, (3) the value of stock in a closely held company, and (4) revaluation of adjusted taxable gifts. The first, second and fourth issues were resolved in the order granting plaintiff's motion for partial summary judgment. The third issue was resolved in the memorandum of opinion after trial.

The December 8, 1988, order, granting partial summary judgment, included discussion of the facts and law relating to the issues of fees, notes and gifts. Some of the discussion of disallowed fees:

> Defendant admitted that, under Missouri law, compensation of $112,875.10 to each of the attorney and executor was prima facie reasonable for an estate of the size and character of decedent. Pl.Ex. 7 at page 5. Furthermore, Schuler, of the district counsel's office, admitted that if the other issues in dispute between the taxpayer and Internal Revenue had been resolved, the deduction for unpaid fees would have been allowed. Pl.Ex. 11 at 53. The reasonable inference here is that the refusal to allow deduction was based upon other disagreements, not on doubts that the unpaid fee amounts would be paid. In its response to plaintiff's motion, defendant states that "Mr. Kirchoff may well have

been in error" in refusing to allow the deduction. The defendant's response further states that the deduction would be allowed when the fees were paid.

> The statute [26 U.S.C. § 2053(a)], regulations [Treas.Regs. §§ 20.2053.3(b) and 20.2053.3(c)] and manual [Internal Revenue Manual §§ 4343(1) and 4350(15)51], do not contemplate collateral disagreements. The requirements for allowing deduction of unpaid fees are that they be agreed upon, that they be reasonable, and that the district director be reasonably satisfied that the amounts will be paid. Contrary to the government's position, the existence of unrelated disagreements does not figure into whether unpaid fees may be deducted.

Some of the discussion of note ownership:

> * * * In view of the maker's statement of intent, and the history of previous similar loans, it is reasonable to infer that all parties believed the notes' owners were joint tenants with right of survivorship.

> Defendant challenges the affidavit as inadequate support for plaintiff's position because, defendant argues, it is inadmissible hearsay and, as such, cannot be considered in support of a motion for summary judgment. Defendant cites Rule 802, Fed.R.Evid. Plaintiff replied that Rule 803(3), Fed.R.Evid., provides an exception to the hearsay rule, permitting admission of the declarant's then-existing state of mind (such as intent, plan, motive, etc.). Certainly the affiant's statements concerning the decedent's intent would be suspect under the hearsay rule. However, the affiant's statements about his own intent would be admissible.

> As stated above, the court must view the facts presented and the reasonable inferences that may be drawn therefrom. Even disregarding the affiant's hearsay statement about decedent's intent, a reasonable inference about the decedent's intent can be drawn. The nature of the affiant's statement, viewed in the context and circumstances within which the promissory notes were made, permits the inference that the decedent and his wife

intended to hold the notes as joint tenants with right of survivorship. Inasmuch as the government has not challenged whether the parties' intent controls, the inescapable conclusion is that the notes were held by joint tenants with right of survivorship.

Some of the discussion of gift valuation:

* * * The more reasonable interpretation of Congressional intent, viewed in the context of the unified scheme of estate and gift taxation, is that the government should not be able to revalue gifts, more than three years after donation, when calculating the estate tax.

The memorandum of opinion, deciding the stock value question, included discussion which began with this paragraph:

The evidence in the trial revealed, in all candor, that various valuations are no more than estimates or opinions. Projecting the effect of future earnings or losses on a current market price always involves speculation and guesswork. The valuations here, however, were complicated by the lack of market and lack of control represented by the decedent's block of stock. The various valuations attempted to show how the stock's value would be affected by the non-marketability of the stock, and the minority (non-controlling) interest it represented.

The discussion also examined the six various per-share valuations, such as the one originally recognized on the estate tax return ($602), the one originally designated by an Internal Revenue agent ($1264), and the one favored by the government at trial ($3048). The court concluded that the most reasonable value was $1200 per share. That amount, of course, is much closer to the agent's figure than to the estate representative's figure.

### III. *The Motion*

Plaintiff moves for an award of litigation costs pursuant to 26 U.S.C. § 7430(a), as sought in Count III of its complaint. Plaintiff asserts it (1) has prevailed substantially in this cause, (2) meets the requirements of 26 U.S.C. § 7430(c)(1)(B)(iii) regarding net worth under $7,000,000, (3) has exhausted all administrative remedies, and (4) the government's position was not substantially justified and was unreasonable. Plaintiff discusses the government's position with regard to each of the four legal issues, attempting to show the government's position was unreasonable. Accordingly, plaintiff argues, it has met the requirements for recovery under Section 7430(a).

Plaintiff requests reimbursement for costs, excluding attorney's fees, of $37,877, essentially all of which relate to the stock valuation issue. It also seeks attorney's fees at a rate of $75 hourly for about 1200 hours of service. The hours are allocated by plaintiff to the four issues:

| | | |
|---|---|---|
| (1) Disallowance of fees | 125.10 | hours |
| (2) Promissory notes | 105.65 | hours |
| (3) Gift valuation | 176.95 | hours |
| (4) Stock valuation | 553.60 | hours |

Plaintiff also requests fees for 84.6 hours spent on the matter of recovering attorney's fees. The total number of allocated hours is 1045.95, suggesting plaintiff trimmed some time (from the approximated 1200 hours) in figuring its requested amount. At $75 hourly, the fee for 1045.95 hours would be $78,442.50. Adding the costs of $37,877 would raise the total to $116,319.50.

The government raises several points in opposition. First, it argues this court lacks jurisdiction to entertain the motion. Second, it argues that plaintiff failed to exhaust administrative remedies. Third, it argues that its position in this litigation has been substantially justified. Finally, it contends that the amount of stipulated refund would need to be reduced to account for any award. The last assertion is that, upon reimbursement of any litigation costs, the estate-tax deduction for litigation expenses should be adjusted. An adjustment effectively would increase the tax, thus reducing the refund amount.

The government does not challenge the reasonableness of the rate or amount for attorney's fees. Upon thorough examination of plaintiff's detailed records, this court finds no reason to doubt the reasonableness of the rate or amount of attorney's fees, or the reasonableness of the

number of hours spent by plaintiff's counsel.

### IV. *Discussion*

#### A. Statutes and Regulations

The controlling statute is 26 U.S.C. § 7430 which provides, in relevant part[1]:

(a) In general.—In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or settlement for—

\* \* \* \* \* \*

(2) reasonable litigation costs incurred in connection with such court proceeding.

(b) Limitations.—

(1) Requirement that administrative remedies be exhausted.—A judgment for reasonable litigation costs shall not be awarded under subsection (a) in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service.

(2) Only costs allocable to the United States.—An award under subsection (a) shall be made only for reasonable litigation and administrative costs which are allocable to the United States and not to any other party.

\* \* \* \* \* \*

(c) Definitions.—For purposes of this section—

\* \* \* \* \* \*

(4) Prevailing party.—

(A) In general.—the term "prevailing party" means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)—

(i) which establishes that the position of the United States in the proceeding was not substantially justified,

(ii) which—

(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented, and

(iii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code (as in effect on October 22, 1986, except to the extent differing procedures are established by rule of court and meets the requirements of section 2412(d)(2)(B) of such title 28 (as so in effect).

(B) Determination as to prevailing party.—

Any determination of subparagraph (A) as to whether a party is a prevailing party shall be made by agreement of the parties or—

\* \* \* \* \* \*

(ii) in the case where such final determination is made by a court, the court.

\* \* \* \* \* \*

(e) Multiple actions.—For purposes of this section, in the case of—

(1) multiple actions which could have been joined or consolidated, or

(2) a case or cases involving a return or returns of the same taxpayer (including joint returns of married individuals) which could have been joined in a single court proceeding in the same court,

such actions or cases shall be treated as 1 court proceeding regardless of whether such joinder or consolidation actually occurs, unless the court in which such action is brought determines, in its discretion, that it would be inappropriate to treat such actions or cases as joined or consolidated.

\* \* \* \* \* \*

---

1. Certain parts are omitted because the provisions or requirements contained in them are not in dispute.

Section 7430 refers to 28 U.S.C. § 2412(d)(2)(B), which provides for awarding costs and fees. The subsection defines "party":

(2) For purposes of this subsection—

(B) "party" means (i) an individual whose net worth did not exceed $2,000,-000 at the time the civil action was filed or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed;

\* \* \* \* \* \*

Treasury Regulations, at 26 C.F.R. § 301.7430–1 prescribes circumstances under which administrative regulations will be considered exhausted. It provides in relevant part:

(b) *Tax, penalty and addition to tax —(1) In general.* A party has not exhausted its administrative remedies available within the Internal Revenue Service with respect to any tax matter for which an Appeals office conference is available under §§ 601.105 and 601.106 of the Statement of Procedural Rules (26 CFR Part 601) (other than a tax matter described in paragraph (c)) unless—

(i) The party, prior to filing a petition in Tax Court or a civil action for refund in a court of the United States—

(A) Participates, either in person or through a qualified representative described in § 601.502 of the Statement of Procedural Rules, in an Appeals office conference; and

(B) Agrees under Section 6501(c)(4) to extend the time for an assessment of tax if necessary to provide the Appeals office with a reasonable time period to consider the tax matter; or

(ii) If no Appeals office conference is granted, prior to the issuance of a statutory notice of deficiency in the case of a petition to the Tax Court or the issuance of a statutory notice of disallowance in the case of a civil action for refund in a court of the United States—

(A) Requests an Appeals office conference in accordance with §§ 601.105 and 601.106 of the Statement of Procedural Rules;

(B) Files a written protest if a written protest is required to obtain an Appeals office conference; and

(C) Agrees under Section 6501(c)(4) to extend the time for assessment of tax if necessary to provide the Appeals office with a reasonable time period to consider the tax matter.

That regulation also provides exceptions to the requirement that administrative remedies be exhausted:

\* \* \* \* \* \*

(f) Exception to requirement that party pursue administrative remedy. A party's administrative remedies within the Internal Revenue Service are considered exhausted for purposes of section 7430 if—

\* \* \* \* \* \*

(3) In the case of a civil action for refund involving a matter other than a tax matter described in paragraph (4) [2], the party—

\* \* \* \* \* \*

(iii) Did not receive either written or oral notification that an Appeals office conference had been granted within six months from the date of the filing of the claim for refund and the failure to receive such notice was not due to actions of the party (such as the failure to supply requested information or a current mailing address to the district director or service center having jurisdiction over the tax matter).

\* \* \* \* \* \*

---

**2.** Subsection (4) concerns actions brought under 26 U.S.C. § 6703 for penalties and 26 U.S.C. § 6694 for negligent or intentional disregard of rules, and willful understatement of liability, and related penalties. Neither of those sections are involved in this instance, so the exception under Subsection (3) can apply in this case.

The Internal Revenue Manual, Section 220, also discusses referral to the Appeals Office:

\* \* \* Established procedure does not contemplate referral of cases to the Appeals Office within 180 days before expiration of the statute of limitations. \* \* \*

## B. Arguments

### 1. *Jurisdiction*

 Defendant asserts that plaintiff is not a "party" as defined by Section 2412(d)(2)(B) and thus not eligible to recover litigation costs under Section 7430. Plaintiff and defendant agree that the estate is not an individual, so the $2,000,000 limit on an individual does not apply. If an estate is not an individual, the only alternative under Section 2412(d)(2)(B) is whether an estate is "any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed."

Defendant presents alternative arguments. First, the plaintiff is a bank whose assets exceed $7,000,000. Alternatively, plaintiff is an estate and, as such, is not mentioned in the statute because it is not a "partnership, corporation, association, unit of local government, or organization." Plaintiff persuasively notes that, as a practical matter, no recovery ever could occur when a bank represents an estate. As for the alternative argument, plaintiff cites cases where courts awarded or refused to award litigation costs to estates. Whether an estate was a "party," however, apparently was not an issue. Neither defendant nor plaintiff cites any authority which definitively establishes whether an estate is a "party" or not.

Common sense compels a finding that an estate is a "party." It is an entity which can be taxed, which can earn income (which is taxed), which can sue, and which can be sued. If a label must be attached, perhaps an estate could be called an "organization," of assets and liabilities, for purposes of the statute. In any event, the real party in interest here is the estate which, by way of its personal representative, is challenging the tax levied against it. In reality, the plaintiff is the estate rather than the bank, and it is a party.

Defendant also challenges the net worth. On that point, the statute clearly designates the time suit is filed as the stage at which net worth is examined. Here, plaintiff asserts, the value was less than $40,000 at the time it filed its complaint. Defendant argues that an estate's assets merely could be disbursed until the net worth fell below the $7,000,000 limit prior to filing suit, thereby avoiding the limit. That is of no concern here. Although the statute may be unclear in regard to what sort of entity an estate is, the statute is quite specific that the critical time for qualifying net worth is the time suit is filed.

### 2. *Administrative Remedies*

 Defendant argues that plaintiff failed to exhaust administrative remedies and, therefore, is not qualified to recover litigation costs. This argument must fail.

The estate tax return was filed on January 6, 1984. Under 26 U.S.C. § 6501(a), a three-year limitation is imposed on assessment of a deficiency, beginning with the date the return was filed. Under Section 6501(c)(4), the period may not be extended, even by agreement, for estate taxes. Thus, the three-year period here would expire January 6, 1987.

Defendant refers to an invitation to seek an appeals conference, and notes that plaintiff did not accept the invitation. An Internal Revenue letter to plaintiff, stating plaintiff could seek an appeals conference, was sent on October 26, 1986—76 days before the assessment limitations period expired. Despite the relatively short time frame, requests were made on March 11, 1987, (with the claim for refund) and on July 22, 1987, for appeals conferences. No conference was granted.

As quoted above, the Internal Revenue manual does not contemplate referral of cases to the Appeals Office within 180 days before expiration of the statute of limitations. Further, as quoted above, adminis-

**170**

trative remedies need not be exhausted where an appeals conference is not granted within six months of filing the refund claim, if the failure to receive notice of a conference is not due to actions of the party. In this instance, plaintiff exhausted administrative remedies sufficiently to qualify for reimbursement of litigation costs. Pursuant to 26 U.S.C. § 7430(b)(1), this court's determination is that plaintiff exhausted administrative remedies.

### 3. Substantial Justification

■ Defendant argues it was substantially justified, so litigation costs cannot be awarded. Plaintiff, of course, disagrees. This issue is the knottiest of the problems presented here because the different tax questions here are so different and separable. The court has no difficulty finding that the defendant was not substantially justified in regard to the first two issues, i.e., disallowance of fees and the promissory notes.

The law is sufficiently well established and well known that the government's position was patently unreasonable and certainly not substantially justified. Defendant's own admissions are a sufficient showing of how unacceptable the defendant's position was in regard to fee disallowance. Likewise, the defendant's position on the promissory note was not justified. There was ample evidence available to defendant to reach the only reasonable conclusion concerning the parties regarding the notes. As defendant had conceded, the intent was the controlling factor in determining the character of the notes. On both issues, concerning disallowing fees and characterizing notes, the defendant government was not substantially justified.

On the other hand, the valuation of gifts was a much different matter. The issue apparently was one of first impression. As such, the difficult decision made by this court on that issue was unaided by guidance from any other court. Certainly the government is entitled to attempt to settle an uncertain point of law for this case and future cases. Of course, this is not to say that all cases of first impression necessarily arise from a substantially justified posi-

tion. Some positions which have not been taken previously can be so clearly unjustified that they should not be taken again. In this instance, however, the government was substantially justified in seeking a favorable ruling on that then-unresolved point of law.

Likewise, the defendant was substantially justified in pursuing the fourth issue, the stock valuation. Defendant's claim that the stock value exceeded $3,000 a share was misguided. Nevertheless, the defendant's position on the issue was that the stock was worth more than the estate's representative reported. The evidence showed, and resulted in a judgment that, the stock was worth about twice as much as was claimed. The value was placed near the original estimate set by a revenue agent. Under these circumstances, the defendant government was substantially justified in its position.

The difficulty with finding whether the government was "substantially justified" in this lawsuit is that the degree of justification varied widely among the distinctly separate issues. Section 7430 does not address the situation of discrete and insular issues, any of which might have been litigated alone. For instance, Section 7430(c)(4) defines, in part, the prevailing party as the one "which establishes that the position of the United States was not substantially justified." The restrictive language presupposes that, unlike here, the United States has only one position. It also suggests an all-or-nothing award of all litigation costs.

In this case, the parties quite laudably and rightly joined all issues, some of which were settled by negotiation and some decided by the court. Some of the numerous positions taken by the United States were reasonable, but some were not. Where, as here, the issues are so separate and capable of allocation, an all-or-nothing award would be unfair and inappropriate. Consider, for instance, the perplexing situation where in a single case the United States is (1) grossly unjustified on a minor issue, (2) slightly unjustified on a major issue, (3)

somewhat justified on a major issue, and (4) clearly justified on a minor issue. To determine with confidence whether the United States is substantially justified or not in that case would be quite difficult.

Even defining the word "substantially" in this instance is difficult. Does it refer to the number of dollars at issue, or the percentage of the amount in dispute, or the quality of the reasoning in the government's argument, or the degree of bad faith, or something else? The statute defines the prevailing party as one which, among other things, "has substantially prevailed with respect to the amount of controversy, or has substantially prevailed with respect to the most significant issue or set of issues . . . ." This sort of guidance does not, and cannot, promote precision. As a practical matter, a court must exercise its discretion.

Section 7430(c)(4)(B)(ii) provides for the court to make a determination. Section 7430(e) addresses consolidation of multiple actions, and vests the court with the discretion to treat multiple related cases as one proceeding. These sections suggest the converse can apply. That is, the court has discretion to treat a single action as a collection of separate issues for which costs can be awarded or refused according to whether the United States was substantially justified on individual issues.

This approach avoids penalizing the United States where its acts are justified in fulfilling its mission to collect taxes. Meanwhile, it retains the incentive to challenge the United States when it steps outside well-established bounds on some issues. Certainly not all cases lend themselves to splitting an award as here. Yet, a complicated tax return such as the one here is likely to invite many issues. The government should be restrained from taking unreasonable positions on any issue, merely to force settlements on other more reasonable matters. Forcing the United States to pay the attorney's fees for those instances when it takes unjustified positions will fulfill the manifest purpose of Section 7430.

Consistent with the discussion above, costs will be awarded in regard to the first two issues (disallowance and promissory notes), but will be denied on the other two issues (gift valuation and stock valuation). The time spent on recovering litigation costs will be prorated according to the percentage of costs to be recovered, compared to the costs requested. The miscellaneous expenses all were related to the stock-valuation issue, so they will be disallowed here.

The calculation of attorney's fees:

| Issue | Hours | |
|---|---|---|
| | Allowed | Disallowed |
| 1. Disallowance of fees | 125.10 | |
| 2. Promissory notes | 105.65 | |
| 3. Taxable gifts | | 176.95 |
| 4. Stock value | | 553.60 |
| | + | + |
| Subtotals | 230.75 | 730.55 |

Proration:

$$\frac{230.75}{+730.55} \quad \frac{230.75}{\div 961.30}$$

$$961.30 \quad 24\%$$

| | Allowed | |
|---|---|---|
| 5. Recover fees (84.6 × 24%) | +20.31 | |
| Total allowed hours | 251.06 | |
| Hourly rate of $75 | ×75.00 | |
| Amount awarded | $18,829.50 | |

### 4. Adjusting Stipulated Amount of Tax

■ Defendant argues that, if any litigation costs are recovered, the value of the estate and hence the estate tax must be adjusted accordingly. This argument can be resolved simply enough. Section 7430 provides for a judgment and award of litigation costs. A judgment is income to the estate, not value held in the estate. As such, it is taxable as income to the estate. The award cannot be both part of the original estate and after-acquired income to the estate. Defendant's argument apparently would require that both estate tax and estate income tax be paid on the award. The stipulated estate-tax liability, and the refund amount, need not be disturbed on that basis.

### V. Conclusion

Pursuant to the prior findings, conclusions and orders of this court, judgment will be entered in favor of plaintiff and against defendant on Count II in the amounts stipulated by those parties. Judgment will be granted in favor of plaintiff and against Defendant on Count III, and litigation costs will be awarded consistent with the order granting the motion for litigation costs. For the reasons set forth above, the motion for award of litigation costs will be granted in part and denied in part. In ruling on the motion, this court finds (1) it has jurisdiction to award litigation costs, (2) plaintiff exhausted its administrative remedies, (3) the defendant government was substantially justified on the issues of gift valuation and stock valuation, but not on the issues of fee disallowance and promissory notes, and (4) litigation costs awarded here will not affect the estate tax liability and, hence, the amount of refund. It is

ORDERED that judgment shall be entered in favor of plaintiff and against defendant on Count II of the complaint. Accordingly, it is further

ORDERED that defendant shall pay to plaintiff (1) a refund of overpayments of tax in the amount of $863,775, (2) a refund of overpaid deficiency interest of $340,871, (3) interest of $303,792 on those amounts as of July 31, 1989, and (4) interest on $1,204,646 at the statutory rate from August 1, 1989, until paid. It is further

ORDERED that plaintiff's motion, filed August 8, 1989, for award of litigation costs is granted in part and denied in part. It is further

ORDERED that judgment shall be entered in favor of plaintiff and against defendant on Count III of the complaint. Accordingly, it is

ORDERED that defendant shall pay to plaintiff attorney's fees in the amount of $18,829.50 plus interest at the statutory rate commencing ten days after the date of this order.

Inasmuch as these orders resolve all the remaining issues in this lawsuit, the Clerk of the Court may close the file on this case.