**JOINT COUNCIL 73, et al., Plaintiffs,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, WAREHOUSEMEN AND HELPERS OF AMERICA, and Charles Carberry, Defendants.**

**No. 90 Civ. 1475 (DNE).**

United States District Court,
S.D. New York.

April 6, 1990.

MEMORANDUM & ORDER

EDELSTEIN, District Judge:

On April 2, 1990, the defendant Carberry moved this Court to dismiss this suit, a lawsuit collateral to the action *United States v. International Brotherhood of Teamsters, et al.,* 88 Civ. 4486 (DNE) (the "underlying action"). Plaintiffs opposed defendants motion, and additionally cross-moved seeking recusal from further consideration of the instant case. This memorandum arises out of that cross-motion for recusal. For the reasons stated below, this cross-motion is denied.

---

## I. Background

A voluntary settlement in the underlying action was entered on March 14, 1989, (the "Consent Decree") providing for the creation of a remedial scheme to effectuate electoral and disciplinary reform in the International Brotherhood of Teamsters (the "IBT"). The Consent Decree called for the appointment of three Court Officers to oversee the remedial changes: an Independent Administrator, an Election Officer, and an Investigations Officer.

This case was originally filed by plaintiffs Joint Council 73 and Local 641, two New Jersey entities of the IBT, in the United States District Court for the District of New Jersey on December 8, 1989 after those entities were served with discovery requests made on December 4, 1989 by defendant Carberry, the Investigations Officer. In response to this and other lawsuits that sought to litigate issues pertaining to the Consent Decree, this Court preliminarily enjoined prosecution of this action in New Jersey and all other such actions pursuant to its authority under the All Writs Act.

On January 17, 1990, this Court entered a permanent injunction barring lawsuits seeking to litigate issues relating to the implementation of the Consent Decree in any forum other than this Court (the "January 17, 1990 opinion"). *See* 728 F.Supp. 1032, 1035–48 (S.D.N.Y.1990). In addition to the injunction, the January 17, 1990 opinion conclusively found that subordinate entities of the IBT, such as Joint Council 73 and Local 641, were bound by the Consent Decree. *See id.* at 1048–57.

On December 14, 1989, the Investigations Officer moved the New Jersey court to transfer this case to the Southern District of New York. On December 20, 1989, Judge Ackerman in New Jersey stayed consideration of that transfer motion pending this Court's resolution of the injunction. After the entry of the January 17, 1990 opinion, the Investigations Officer notified the New Jersey court of the injunction issued by this Court. The plaintiffs further objected to transferring this case to the Southern District of New York by separate letters to Judge Ackerman on January 22, 1990. On February 15, 1990, the court in New Jersey transferred this case to the Southern District, as a related case to the underlying action.

On April 2, 1990, defendant Investigations Officer moved this Court to dismiss this action. Plaintiffs opposed the motion to dismiss, and cross-moved seeking recusal pursuant to 28 U.S.C. § 455(a). For the purposes of this memorandum, only the cross-motion for recusal will be considered, and with no determination on the ultimate merits of plaintiff's suit.

## II. The Recusal Motion

■ In this instance, plaintiffs argue that they cannot receive a fair hearing on their claims since in prior opinions regarding the underlying case, rulings they perceive as adverse to their suit have been made. Plaintiffs seek recusal pursuant to the recusal statute located at 28 U.S.C. § 455(a). That statute provides as follows:

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

In particular, the plaintiffs argue for recusal based upon (1) two facts from the January 17, 1990 opinion which they dispute, claim were not in the record, and therefore arrived at extrajudicially, *see* 728 F.Supp. at 1054; (2) a Memorandum and Order dated November 2, 1989 (the "November 2, 1989 Opinion"), 723 F.Supp. 163 (S.D.N.Y. 1989), where this Court assertedly demonstrated its bias against any and all IBT subordinate entities challenging the Consent Decree, *see id.* at 169.

■ At issue in this motion is whether the previous rulings by this Court cited by plaintiffs have produced the bent of mind necessary to warrant recusal in this related case. In this circuit, recusal under § 455(a) is appropriate when "a reasonable person knowing and understanding all the relevant facts would recuse the judge." *SEC v. Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2d Cir.1988). The *Drexel* Court stated that "the test to be applied is an objective one which assumes that a reasonable person *knows and understands all*

the relevant facts." *Id.* (emphasis supplied), *citing Pepsico v. McMillen*, 764 F.2d 458, 460 (7th Cir.1985).

■ Recusal under § 455(a) is not appropriate if based on in-court rulings. *In re IBM*, 618 F.2d 923, 929 (2d Cir.1980). The plaintiffs have raised no objections to impartiality under an "appearance of justice" theory. *Id.* Instead, plaintiffs' assertions are based on what they perceive to be the adverse nature of the November 2, 1989 and January 17, 1990 rulings. But in this circuit, "[n]othing of this kind, what the judge has learned from or done in the proceedings before him, is any basis for disqualification; to be sufficient for disqualification the alleged bias or prejudice must be from an extrajudicial source." *King v. United States*, 576 F.2d 432, 437 (2d Cir.1978).

To be extrajudicial, the prejudice "must arise by virtue of some factor which creates partiality arising outside of the events which occur in the trial itself." *In re IBM, supra*, 618 F.2d at 628. In this instance that scope would include all of the events surrounding the entire IBT litigation. Further, "the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Id., quoting United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966).

Plaintiffs have not shown that either of the two facts that they identified and disputed were extrajudicial to the entire IBT proceedings. Further, plaintiffs offer no more than a conclusory reading of the November 2, 1989 opinion to support their contention of general bias against them in this case. Plaintiffs nowhere allege that impartiality stems from personal animus, unreported relationships, or any other improper motive. While plaintiffs may dispute findings of fact or conclusions of law or dicta in other rulings of this Court, such opposition does not warrant recusal. Since both the January 17, 1990 opinion, and the November 2, 1989 opinion are currently being appealed, "if any legal or factual error has been committed it can be dealt with on [ ] appeal." *In re IBM, supra*, 618 F.2d at 930. Indeed, "[the recusal statute] was never intended to enable a litigant to oust a judge for adverse rulings made, for such rulings are reviewable otherwise ..." *Berger v. United States*, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481 (1921).

In addition, plaintiffs have made no effort to seek recusal in a timely manner, an implied requirement of § 455(a). *See In re IBM, supra*, 618 F.Supp. at 932; *United States v. Daley*, 564 F.2d 645, 651 (2d Cir. 1977), *cert. denied* 435 U.S. 933, 98 S.Ct. 1508, 55 L.Ed.2d 530 (1978). This case was transferred from New Jersey on February 15, 1990. Plaintiffs made no effort to seek recusal at the time of transfer, or even at a later pre-trial conference held on March 8, 1990. Instead, plaintiffs waited until the defendant's motion to dismiss was filed.

The plaintiff's contentions do not indicate that this Court is in any way unprepared to give full and fair consideration to their claims.

### III. Conclusion

Plaintiffs' cross-motion for recusal is denied. This determination involves no consideration of the defendant's motion to dismiss.

SO ORDERED.