Roy B. CHAMBERLIN, Jr., Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 84–CV–524.

United States District Court,
N.D. New York.

Feb. 9, 1987.

Douglas L. Manley, Schenectady, N.Y.,
for plaintiff.

Frederick J. Scullin, Jr., U.S. Atty.,
George A. Yanthis, Asst. U.S. Atty., N.D.
N.Y., Albany, N.Y., U.S. Dept. of Justice,
David Wise, Trial Atty., Tax Div., Washington, D.C., for defendant.

MEMORANDUM–DECISION
AND ORDER

MUNSON, Chief Judge.

Plaintiff brought this action under 26
U.S.C. § 6703(c) (1982) to review a penalty
assessed against him by the Internal Revenue Service ("IRS") for filing a "frivolous"
1982 income tax return. Defendant has
moved to dismiss the action for failure to
state a claim upon which relief can be
granted or alternatively for summary judgment. The court will treat the motion as
one for dismissal for failure to state a
claim upon which relief can be granted
under Rule 12(b)(6), Fed.R.Civ.P., and all
well-pleaded factual allegations in plaintiff's amended complaint are presumed to
be true. *See, e.g., Scheuer v. Rhodes*, 416
U.S. 232, 236, 94 S.Ct. 1683, 1686, 40
L.Ed.2d 90 (1974).

Plaintiff filed a Federal income tax return for 1982 which was correct and complete except for a claimed "peace credit" of
$97, representing the percentage of his tax
liability he believed would be allocated for
the development of nuclear weapons. On
February 13, 1984 plaintiff was notified by
the IRS that he had been assessed a $500
penalty under § 6702 of the Internal Revenue Code, 26 U.S.C. § 6702 (1982). Section
6702 imposes a civil penalty on any individual who files a tax return which "contains
information that on its face indicates that
the self-assessment is substantially incorrect" when the incorrect self-assessment is
based upon "a position which is frivolous."
26 U.S.C. § 6702(a). On March 12, 1984
plaintiff paid fifteen percent of the penalty
($75) and filed a claim with the IRS for a
refund and abatement of the balance of the
penalty. This claim was disallowed and on
April 11, 1984 plaintiff commenced this proceeding. Plaintiff challenges the assessment of the penalty on a number of
grounds, all but one of which have been
previously rejected by the courts that have
addressed them. *See, e.g., Nelson v. United States*, 796 F.2d 164 (6th Cir.1986); *Jenney v. United States*, 755 F.2d 1384 (9th
Cir.1985); *Kahn v. United States*, 753 F.2d
1208 (3d Cir.1985); *Welch v. United States*,
750 F.2d 1101 (1st Cir.1985); *Swords v.
United States*, 56 A.F.T.R.2d (P–H) ¶ 85–
5033 (N.D.N.Y. March 23, 1985) [Available
on WESTLAW, DCT database]; *Franklet
v. United States*, 578 F.Supp. 1552 (N.D.
Cal.1984), *aff'd*, 761 F.2d 529 (9th Cir.1985).

The novel challenge raised in plaintiff's
well-reasoned brief in opposition to defend-

ant's motion to dismiss is based upon the notice requirement of the due process clause of the fifth amendment. *See Lambert v. California,* 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957); *United States v. Mancuso,* 420 F.2d 556 (2d Cir.1970). Section 6702, which was enacted as § 326(a) of the Tax Equity and Fiscal Responsibility Act of 1982, went into effect on September 2, 1982, seven months before plaintiff filed his return. The 1982 tax package sent to plaintiff by the IRS, though describing many of the penalties which could be assessed under the Internal Revenue Code and describing recent changes in the tax law, failed to mention the new penalty designed to deter the filing of frivolous returns. Plaintiff contends that he was unaware that the "peace credit" he claimed on his return could expose him to the $500 penalty. Plaintiff immediately paid the amount he had unlawfully withheld upon notification that his claimed credit was frivolous. Plaintiff has not made any unauthorized deductions in subsequent years. Plaintiff now argues that by assessing the penalty provided by § 6702 after the IRS had failed to provide him prior actual notice of the newly created penalty, defendant violated plaintiff's due process rights.

In forwarding this argument, plaintiff relies on *Lambert v. California,* 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), which established a limited exception to the basic legal tenet that ignorance of the law will not excuse its violation. Closer analysis reveals, however, that *Lambert* does not help plaintiff under the facts of the present case. In *Lambert,* the Supreme Court struck down a municipal ordinance which imposed criminal liability on individuals with prior felony convictions who failed to register with the police within five days of entering the City of Los Angeles. The Court held that the ordinance violated due process when applied to an individual who neither knew or could reasonably have been expected to know of his duty to register. The Court stressed that the conduct made criminal was "wholly passive" and that "circumstances which might move one to inquire as to the necessity of registra-

tion [were] completely lacking." 355 U.S. at 228–29, 78 S.Ct. at 243.

*Lambert* is distinguishable from the case at bar. First, the ordinance at issue in *Lambert* imposed criminal sanctions, and consequently warranted a more exacting application of due process standards than would be appropriate where only property interests are at stake. *Texaco, Inc. v. Short,* 454 U.S. 516, 537 n. 33, 102 S.Ct. 781, 796 n. 33, 70 L.Ed.2d 738 (1982); *see also* 454 U.S. at 547 n. 4, 102 S.Ct. at 801 n. 4 (Brennan, J., dissenting). Section 6702, in contrast, creates a civil penalty that does not impinge on any of plaintiff's liberty interests. Second, *Lambert* involved an ordinance criminalizing conduct that a reasonable person would assume was innocent; section 6702, on the other hand, imposes a penalty for conduct which a reasonable individual should have known was unlawful. In a long and unbroken line of cases, the "peace credit" claimed by plaintiff in the present case has been declared impermissible. *See, e.g., Lull v. Commissioner,* 602 F.2d 1166 (4th Cir.1979), *cert. denied,* 444 U.S. 1014, 100 S.Ct. 664, 62 L.Ed.2d 643 (1980); *Graves v. Commissioner,* 579 F.2d 392, 393–94 (6th Cir.1978), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1423, 59 L.Ed.2d 634 (1979); *First v. Commissioner,* 547 F.2d 45, 46 (7th Cir.1976) (per curiam); *Autenrieth v. Cullen,* 418 F.2d 586, 588–89 (9th Cir.1969), *cert. denied,* 397 U.S. 1036, 90 S.Ct. 1353, 25 L.Ed.2d 647 (1970); *see also New Colonial Ice Co., Inc. v. Helvering,* 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348 (1934) ("Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed."). The fact that plaintiff was not given notice of the specific statute imposing a penalty for his conduct does not mean that he did not have notice that his conduct was unlawful. Indeed, the fact that plaintiff felt compelled to attach a letter to his return explaining that the $97 peace credit was "all I have the courage to withhold this year," Doc. 3, Ex. A, indicates that he was aware that the tax credit he was claiming violated the tax laws. Finally, *Lambert* involved

the criminalization of *passive* conduct; section 6702 penalizes active conduct, namely the purposeful filing of a frivolous tax return. As the courts have consistently concluded, "[i]t is well settled that ignorance of the law is no defense to purposeful and intentional action." *United States v. Gregg*, 612 F.2d 43, 51 (2d Cir.1979); *see also United States v. International Minerals & Chemical Corp.*, 402 U.S. 558, 561–63, 91 S.Ct. 1697, 1699–1701, 29 L.Ed.2d 178 (1971); *United States v. Keuylian*, 602 F.2d 1033, 1042–43 (2d Cir.1979). Therefore, plaintiff's due process challenge to the imposition of the § 6702 penalty in this case is rejected.

Plaintiff's other contentions are without merit. Defendant's motion for judgment on the pleadings is granted.

It is so Ordered.