T.C. Memo. 1999-344


UNITED STATES TAX COURT


ESTATE OF EDWARD J. KUNZE, DECEASED, CAROL ANN HAUSE, EXECUTOR,
Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16583-98.                    Filed October 18, 1999.


<u>Robert J. Tootelian, Jr.</u>, for petitioner.

<u>John Q. Walsh</u>, for respondent.


MEMORANDUM OPINION

GALE, <u>Judge</u>:  This matter is before the Court on

respondent's motion to dismiss for lack of jurisdiction, on the

ground that the petition was not filed by a taxpayer meeting the

requirements of section 7430(c)(4)(A)(ii).[1]  The issue for decision is whether section 7430(c)(4)(D) applies in determining the net worth requirements for an estate seeking review under section 6404(i) of a failure to abate interest.

After respondent issued a final determination denying petitioner's request to abate interest, a timely petition for review under section 6404 was filed with this Court.  Respondent thereafter filed a motion to dismiss for lack of jurisdiction, with exhibits, to which petitioner filed an objection, with exhibits.  The Court held a hearing on the motion, received an additional exhibit, and granted leave for the parties to file briefs supporting their positions.  We decide the motion based on the hearing record, respondent's motion, petitioner's objection, the exhibits, and the briefs.

## Background

Edward J. Kunze (decedent) died on December 18, 1992.  Carol Ann Hause is the independent executor for the estate of decedent (estate).  The executor resided in East Lansing, Michigan, at the time the petition was filed.  Decedent was domiciled in Cook County, Illinois, on the date of death, and his estate was probated in Cook County, Illinois.  The value of the gross estate as of December 18, 1992 (decedent's date of death), as agreed to

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code.

by the parties, was $4,722,350.67; the taxable estate equaled $4,284,417.36; the allowable credit for State death taxes was $311,454.74; and the net estate tax payable was $1,492,974.81. By subtracting the credit for State death taxes and the net estate tax payable from the taxable estate, respondent estimated a net worth for the estate as of decedent's date of death of at least $2,479,987.81.[2]

## Discussion

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly provided by statute. See Breman v. Commissioner, 66 T.C. 61, 66 (1976); see also sec. 7442. Section 6404(i) grants the Tax Court jurisdiction to review the Treasury Secretary's failure to abate interest in any timely action "brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii)". In his motion to dismiss for lack of jurisdiction, respondent argues that petitioner has not shown that it meets the net worth requirements referred to in section 7430(c)(4)(A)(ii). We agree.

The requirements referred to in section 7430(c)(4)(A)(ii) include "the requirements of section 2412(d)(2)(B) of * * * title 28 [as in effect on October 22, 1986]". Section 2412(d)(2)(B) of

---

[2] Respondent notes in connection with this estimate that certain items deductible in computing the taxable estate would not be equivalent to liabilities for purposes of calculating net worth, with the result that actual net worth would be higher than the figure estimated using the taxable estate.

title 28 of the United States Code provides that a "party" for purposes of the award of fees and other expenses means:

(i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed * * *

The foregoing section does not refer to an estate. However, section 7430(c)(4)(D) states as follows:

(D) Special rules for applying net worth requirement.-- In applying the requirements of section 2412(d)(2)(B) of title 28, United States Code, for purposes of subparagraph (A)(ii) of this paragraph--

(i) the net worth limitation in clause (i) of such section shall apply to—-

(I) an estate but shall be determined as of the date of the decedent's death * * *

Thus, in the case of an estate, the applicable net worth requirement referred to in section 7430(c)(4)(A)(ii) is a limitation of $2,000,000, determined as of the decedent's date of death.

Petitioner has not alleged, or otherwise sought to prove, that its net worth as of the decedent's date of death did not exceed $2,000,000. Instead, as discussed more fully below, petitioner contends that its net worth should be measured as of some other date, apparently either the date of filing of the petition or the date on which its right to seek review "began to accrue". In line with this reasoning, petitioner merely alleges

in the petition that "The only asset of the Estate of Edward J. Kunze is the cause of action in this case; therefore, the estate has net worth that does not exceed two million dollars." Notwithstanding respondent's contention that petitioner has a net worth of at least $2,479,987.81 on the decedent's date of death, and the fact that the parties entered an agreement specifying that the decedent's gross and taxable estate exceeded $4,000,000, petitioner has offered no proof of its net worth as of the decedent's date of death.  Accordingly, we conclude that petitioner did not meet the requirements referred to in section 7430(c)(4)(A)(ii), and we do not have jurisdiction.

Petitioner's arguments to the contrary are unavailing. Petitioner first argues that section 7430(c)(4)(D) does not apply in the case of actions for review of denials of requests for abatement of interest.  According to petitioner, the "statutory scheme for abatement does not incorporate IRC section 7430(c)(4)(D)" and cannot be "logically [connected]" to it. Petitioner's position appears to be that since section 7430(c)(4)(D) appears in a section entitled "Awarding of costs and certain fees" which itself incorporates provisions of another section, 28 U.S.C. sec. 2412 (1994) (as in effect on Oct. 22, 1986), entitled "Costs and fees", section 7430(c)(4)(D) has no connection with, and is not incorporated by, the provisions governing our review of abatements.

The statute clearly provides otherwise. Section 6404(i) grants Tax Court jurisdiction over abatement review actions brought by taxpayers meeting "the requirements referred to in section 7430(c)(4)(A)(ii)". One such requirement referred to in section 7430(c)(4)(A)(ii) is section 2412(d)(2)(B) of title 28 of the United States Code. Section 7430(c)(4)(D) provides "special rules" for applying the requirements of section 2412(d)(2)(B) of title 28 "for purposes of" section 7430(c)(4)(A)(ii). (Emphasis added.) Nothing in the language of section 7430(c)(4)(D) limits its application to awards of costs and fees. Indeed, without incorporation of section 7430(c)(4)(D) by section 6404(i), there would be no express statutory basis for Tax Court jurisdiction over an action for review of abatement brought by an estate.[2a]

---

[2a] Since 28 U.S.C. sec. 2412(d)(2)(B) (1994) (as in effect on Oct. 22, 1986) by its terms applies only to "an individual * * * or * * * any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, * * * or a cooperative association", that section standing alone does not provide a clear basis to discern whether or how an estate might meet its requirements. Cf. Estate of Hubberd v. Commissioner, 99 T.C. 335 (1992). However, prior to enactment of sec. 7430(c)(4)(D), this Court and others held that 28 U.S.C. sec. 2412(d)(2)(B) as used in sec. 7430(c)(4)(A)(ii) should be construed to entitle estates to seek an award of litigation costs. See, e.g., Estate of Woll v. United States, 44 F.3d 464, 467-468 (7th Cir. 1994); Estate of Hubberd v. Commissioner, supra. Recognizing the statutory ambiguities addressed in those and similar cases, Congress added sec. 7430(c)(4)(D) with the specific intent of clarifying the net worth limitations applicable to estates, trusts, and individuals filing jointly, thereby rendering those cases moot. See H. Rept. 105-148 at 638-639 (1997) ("Although the net worth requirements are explicit for individuals, corporations, and partnerships, it

Petitioner also argues that its interpretation of the statute is consistent with an interpretation expressed by respondent in a final determination letter sent to petitioner in which its claim for abatement of interest was disallowed. The letter states:

> The eligibility requirements [for Tax Court review] are:
>
> For individual and estate taxpayers - your net worth must not exceed $2 million as of the filing date of your petition for review. * * *

While respondent's letter is in error regarding the jurisdictional requirements for an estate, any such error does not operate to confer jurisdiction on this Court. See <u>Yuen v. Commissioner</u>, 112 T.C. 123, 130 (1999); <u>Romann v. Commissioner</u>, 111 T.C. 273, 280-281 (1998). The subject matter jurisdiction of this Court is prescribed by statute and cannot be enlarged by the actions of the parties. See <u>Freedman v. Commissioner</u>, 71 T.C.

---

is not clear which net worth requirement is to apply to other potential litigants. * * * Clarifying these rules will provide certainty for potential claimants and will decrease needless litigation over procedural issues.").

Moreover, if petitioner were correct that there is no logical connection between the 28 U.S.C. sec. 2412(d)(2)(B) net worth requirements as used in connection with the award of costs and fees and as used with respect to review of interest abatements, then it would follow that <u>Estate of Hubberd v. Commissioner</u>, <u>supra</u>, which construed the net worth requirements applicable to estates in cases involving awards of litigation costs, could have no application in the interest abatement area. Nevertheless, petitioner cites <u>Estate of Hubberd</u> in support of its position herein.

564, 568 (1979).

Petitioner next argues that at the time its cause of action for review of respondent's denial of interest abatement "began to accrue", which in petitioner's view was April 27, 1998, the date of the final determination letter, section 7430(c)(4)(D) contained an erroneous cross-reference to a nonexistent subparagraph of subsection 7430(c)(4)(A). Because of this erroneous cross-reference, petitioner contends, section 7430(c)(4)(D) did not apply to section 6404(g) (the predecessor of section 6404(i)), or could not have been read by a taxpayer to apply, on the date petitioner's cause of action began to accrue.

Petitioner is correct that section 7430(c)(4) as originally enacted contained an erroneous cross-reference. As originally enacted on August 5, 1997, section 7430(c)(4)(D) read as follows:

> (D) Special rules for applying net worth requirement. In applying the requirements of section 2412(d)(2)(B) of title 28, United States Code, for purposes of <u>subparagraph (A)(iii)</u> of this paragraph * * * [Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1453, 111 Stat. 788, 1055; emphasis added.]

On August 5, 1997, paragraph (c)(4) of section 7430 contained no such "subparagraph (A)(iii)". An earlier version of paragraph (c)(4) of section 7430, prior to its amendment on July 30, 1996, did contain such a reference, reading as follows:

> (c) Definitions.
>    For purposes of this section--
>
>          *       *       *       *       *       *       *

> (4) Prevailing party.
>    (A) In general.  The term "prevailing party" means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)--
>        (i) which establishes that the position of the United States in the proceeding was not substantially justified,
>        (ii) which--
>            (I) has substantially prevailed with respect to the amount in controversy, or
>            (II) has substantially prevailed with respect to the most significant issue or set of issues presented, and
>        (iii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code (as in effect on October 22, 1986) except to the extent differing procedures are established by rule of court and meets the requirements of section 2412(d)(2)(B) of such title 28 (as so in effect).

On July 30, 1996, the version of paragraph (c)(4) of section 7430 quoted above was amended by striking subparagraph (A)(i) and renumbering subparagraphs (A)(ii) and (iii) as (A)(i) and (ii), respectively.[3]  See Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701(a), 110 Stat. 1452, 1463 (1996).  Notwithstanding the 1996 elimination of subparagraph (A)(iii) and renumbering of its contents as subparagraph (A)(ii), when section 7430(c)(4)(D) was enacted on August 5, 1997, it erroneously referred to subparagraph (A)(iii).  See Taxpayer Relief Act of 1997, Pub. L.

_____

[3]  The same legislation enacted sec. 6404(g)(now sec. 6404(i)) and that section correctly cross-referenced subparagraph (A)(ii) of paragraph (c)(4) of sec. 7430 when referring to the eligibility requirements for a taxpayer seeking Tax Court review of a failure to abate interest.  See Taxpayer Bill of Rights 2, Pub. L. 104-168, secs. 302(a), 701(c)(3), 110 Stat. 1452, 1457, 1464 (1996).

105-34, sec. 1453, 111 Stat. 788, 1055.  The erroneous reference was corrected by Congress in the IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 6014(e), 112 Stat. 685, 820, enacted on July 22, 1998, which amended the reference to "subparagraph (A)(iii)" to read  "subparagraph (A)(ii)" in section 7430(c)(4)(D).

With respect to the consequences that petitioner would ascribe to this drafting error, the short answer is that Congress made the corrective amendment retroactive, i.e., effective for proceedings commenced after August 5, 1997, the date of original enactment of section 7430(c)(4)(D).  See IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, secs. 6014, 6024, 112 Stat. 685, 826.  The corrected version "[takes] effect as if included in the [provision] of the Taxpayer Relief Act of 1997 to which [it] relate[s]."  Id.  Thus, the corrected version of section 7430(c)(4)(D) applies to this proceeding.

Moreover, the corrective amendment was enacted on July 22, 1998, well before petitioner commenced this proceeding on October 13, 1998.  In addition, we think the nature of the error, and the actual intent of the uncorrected version of section 7430(c)(4)(D), were at all times reasonably clear.  The legislative history reveals that section 7430(c)(4)(D) was always

intended to modify section 7430(c)(4)(A)(ii).[4]  Also, the incorporation of the latter provision by section 6404(g) (and its successor, section 6404(i)) has always been explicit.  A careful examination of the statute would have alerted petitioner to the foregoing, in our view.

Petitioner further argues that the amendment to section 7430(c)(4)(D) correcting the erroneous reference to subparagraph "(A)(iii)" gave insufficient notice that section 6404 was being changed, thereby denying petitioner due process.  Petitioner first asserts that the retroactive application of the corrective amendment would deny petitioner's due process rights.  Because retroactive tax statutes have long been upheld, this argument lacks merit.  See United States v. Carlton, 512 U.S. 26, 30-31 (1994); Cohan v. Commissioner, 39 F.2d 540, 545 (2d Cir. 1930).  The retroactive application of a statute does not deny due process so long as it is "supported by a legitimate legislative purpose furthered by rational means".  United States v. Carlton, supra at 30-31.  Clearly, the retroactive correction of section 7430(c)(4)(D) is justified by a rational legislative purpose in that Congress merely acted to correct the obviously mistaken reference to "subparagraph (A)(iii)" in the original version of

_____

[4] See H. Rept. 105-148 at 639 (1997).  In its explanation of sec. 7430(c)(4)(D), the House Committee on the Budget report states that the "bill provides that the net worth limitations currently applicable to individuals also apply to estates and trusts."  Id.

section 7430(c)(4)(D).  Moreover, the retroactive application of a tax statute is not suspect "where it involves a mere change in rate or a technical amendment."  Howell v. Commissioner, 77 T.C. 916, 921 (1981).  Finally, the fact that Congress acted promptly to correct the error and established only a modest period of retroactivity supports the conclusion that petitioner's due process rights have not been violated.  See United States v. Carlton, supra at 34.  For these reasons, the retroactive application of the technical correction to section 7430(c)(4)(D) does not violate due process.

Petitioner appears to fashion a second due process claim based on the contention that the statutory scheme for jurisdiction in interest abatement cases, involving "three statutes contained in two different titles of the U.S. Code", provides inadequate notice of the requirements for Tax Court review and thereby offends due process.  More specifically, petitioner contends that, given their subject matter differences, an amendment to section 7430(c)(4)(D) gives no indication of a change in section 6404.  In support of this argument, petitioner cites Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), and quotes from Walthall v. United States, 131 F.3d 1289, 1294 (9th Cir. 1997).[5]  However, both of these cases address the

_____

[5] Although petitioner attributes the quotation to United States v. Jose, 131 F.3d 1325 (9th Cir. 1997), its source is Walthall v. United States, 131 F.3d 1289, 1294 (9th Cir. 1997).

sufficiency of statutorily prescribed notice provided in connection with pending judicial proceedings, and not constructive notice of new legislation, where due process considerations are different. Cf. Chamberlin v. United States, 664 F. Supp. 663, 664 (N.D.N.Y. 1987); Texaco, Inc. v. Short, 454 U.S. 516, 537-536 n.33 (1982). They accordingly have no relevance here. In any event, the central premise of petitioner's argument--that the numerous cross-references delineating the statutory basis for Tax Court jurisdiction in interest abatement cases are unduly opaque--is not well founded. Section 6404(i) expressly incorporates section 7430(c)(4)(A)(ii), which in turn is specifically referenced in (current) section 7430(c)(4)(D). Such cross-referencing and incorporation are not unusual in the Internal Revenue Code and hardly raise due process notice concerns. For the foregoing reasons, we find that the jurisdictional requirements for abatement of interest cases do not offend due process.

Finally, petitioner argues that imposing a net worth limitation on a party's right to Tax Court review of denials of interest abatement is a violation of the Equal Protection Clause of the U.S. Constitution because there is no rational basis for establishing a net worth threshold in a suit challenging the respondent's failure to abate interest.

However, "In areas of social and economic policy, a

statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993). One reasonably conceivable explanation for the classification embodied in the net worth limitation is that Congress believed taxpayers with net worths exceeding the limitation were less vulnerable to unjustified interest charges because such taxpayers were better able to make an advance payment of tax or to post a cash bond, thereby limiting the accrual of interest during a dispute with the Commissioner. Cf. Rev. Proc. 84-58, 1984-2 C.B. 501 (establishing procedures for making an advance payment or posting a cash bond). We believe a rational basis exists for the net worth limitations of section 6404(i); consequently, the provision does not violate the Equal Protection Clause.

Because petitioner's net worth, determined as required by section 7430(c)(4)(D)(i)(I), does not meet the requirements of section 7430(c)(4)(A)(ii), this Court does not have jurisdiction.[6]

---

[6] In light of this conclusion, we find it unnecessary to address respondent's alternative argument that, even if petitioner's net worth is to be determined as of the date of filing the petition, such net worth must include all assets in the estate, including assets already distributed. See Estate of

- 15 -

For the foregoing reasons,

              <u>An order granting respondent's motion to dismiss for lack of jurisdiction will be entered</u>.

---

<u>Woll v. United States</u>, 44 F.3d 464, 471 (7th Cir. 1994).